Van Voorhis, J.
The first cause of action, which is the only one at issue upon this appeal, is to foreclose a mechanic’s lien for labor and materials against the real estate owned by the respondent Ephraim J. Kaufman, known as the Mona Lisa Hotel, at the corner of University Avenue and Scio Street, in the city of Rochester. Plaintiffs allege that they were the general contractors under agreement with Kaufman. The complaint alleges that Kaufman subsequently deeded the property to defendants Richmond, whom the complaint charges with personal liability for the improvements on the basis that they orally promised to plaintiffs that Kaufman would pay for them.
In our view, the Appellate Division correctly held that plaintiffs ’ mechanic’s lien lapsed, due to plaintiffs’ failure to file a notice of pendency within one year from the filing of the lien (Lien Law, § 17; Danziger v. Simonson, 116 N. Y. 329, 333; White v. McLean & Sons, 235 App. Div. 342; National Lbr. Co. v. Braun & Son, 237 App. Div. 426, 428-429; Bradley & Son v. Huber Co., 146 App. Div. 630, affd. 210 N. Y. 627), that consequently judgment of foreclosure and sale cannot be directed against any of the parties to the action, and that no personal liability exists against defendants Richmond in the absence of evidence of an express or implied agreement by them to pay *352 for these improvements, of which there is none except an oral guarantee of Kaufman’s obligation which is unenforcible under the Statute of Frauds (Personal Property Law, § 31, subd. 2); but we conclude that under sections 17 and 54 of the Lien Law plaintiffs were entitled to personal judgment against Kaufman, reduced, however, on the law, below the amount which was awarded to plaintiffs by the Official Referee. The contention of defendant Kaufman, sustained by the Appellate Division, is overruled that there can be no recovery of a personal judgment against him due to the circumstance that the complaint alleges a contract to make these improvements in consideration of a specific sum, whereas the evidence supports only a recovery in quantum meruit. Under the New York rule, such a variance between pleading and proof may be disregarded unless it has misled the defendants (Sussdorff v. Schmidt, 55 N. Y. 319, 324; Rubin v. Cohen, 129 App. Div. 395; Shirk v. Brookfield, 77 App. Div. 295, 298). This record indicates that these defendants could not have been misled, inasmuch as the case was tried throughout upon the theory of quantum meruit.
Although plaintiffs are entitled to personal judgment against Kaufman as the Official Referee held under sections 17 and 54 of the Lien Law, notwithstanding that the complaint asks only for the foreclosure of a mechanic’s lien, nevertheless the personal judgment which may be granted under these sections is limited to such items as could be the subject of a mechanic’s lien (McGraw v. Godfrey, 56 N. Y. 610; Barrow v. Morgan, 65 N. Y. 333, 338). This signifies that such items of labor or materials can be recompensed in the personal judgment against Kaufman as became part of the real estate, since under a cause of action to foreclose a mechanic’s lien there can be no recovery for goods sold and delivered which have always remained personal property.
The Appellate Division reversed the material findings of the trial court and dismissed the complaint on the further ground that “ The testimony with reference to any amount claimed to be due is so contradictory, uncertain and confusing that a determination of any such amount would be based on mere speculation.” We read the record differently in this respect, except for several items hereafter noted. With those exceptions, each item of labor or materials with its reasonable value separately stated, as found in the report of the Official Referee, *353 is supported by oral testimony of Joseph or Sam Noce. In many instances the testimony of these plaintiffs is confirmed by that of the materialman or workman, the greater number of items are supported by voucher checks in evidence, the fact that the Noces had funds at their disposal to be spent for the work has been proved by bank records and by testimony of persons who loaned them money, and in various instances the testimony of the witness has been supported by written aids to recollection that were produced and marked for identification. Plaintiffs’ testimony might have been more systematic, if they had received more formal education, and if their records had not been kept by their present adversary — Kaufman — who, although an accountant, did not contradict any specific item found by the Official Referee. Kaufman had opportunity to do so while testifying as a witness for plaintiffs, but contented himself with the generalization that he “ paid all the material, all the labor that went into University Avenue ”. Such a eonelusory statement is evidence of nothing. In finding the facts against Kaufman, the Referee properly applied the rule that where an adversary withholds evidence in his possession or control that would be likely to support his version of the case, the strongest inferences may be drawn against him which the opposing evidence in the record permits (Perlman v. Shanck, 192 App. Div. 179; Milio v. Railway Motor Trucking Co., 257 App. Div. 640; Borman v. Henry Phipps Estates, 260 App. Div. 657). Defendants rested upon plaintiffs’ proofs at the trial.
The findings of the Official Referee which were reversed by the Appellate Division should be reinstated, we think, in reference to the specific items of labor and materials and the reasonable value of each item supplied by plaintiffs to defendant Kaufman which entered into the improvement of this real property, with the following exceptions:
“ Erection of steel girders and removing walls ”. $4,175.00
“ Mr. Tulin, Bowling alleys ”.................. 4,000.00
“ Levy Bros., Bar Equipment ”................ 2,700.00
“ E. J. Doyle Co., Bowling Equipment ”........ 650.00
“ Non-lienable materials”..................... 934.80
$12,459.80 *354 all as described by tbe Official Referee. Tbe first of these items lacks support in the evidence showing the nature and value of the work performed; the second item, if it were to be assumed that these bowling alleys became part of the real estate, was defrayed from a bank account to which defendant Kaufman and possibly his brother contributed funds, with the consequence that there is a failure of proof evidencing that plaintiffs are entitled to be reimbursed for money spent from that source; the third item (bar equipment) is unproved for the same reasons mentioned concerning the bowling alleys; the fourth item which is bowling equipment (such as bowling pins, balls, alley equipment, etc.) remained personal property as matter of law without entering into the real estate, and is therefore in the same classification as the last item which the Referee determined to be ‘ ‘ non-lienable materials” for which no personal judgment can be entered under sections 17 and 54 of the Lien Law. There is no occasion to grant a new trial with respect to these items, inasmuch as the action appears to have been fully tried, and there is no reason to believe that another trial would produce clearer or more incisive evidence than has been introduced upon these aspects of the controversy. These five items, aggregating $12,459.80, must consequently be deducted from the sum of the reasonable values of items of materials and labor ($51,841.08) found by the Referee. A further deduction of $7,000 must be made by reason of the undisputed testimony of Joseph Noce, one of the plaintiffs, that defendant Kaufman paid $7,000 to apply on these improvements, for which no credit has been given in the Referee’s report. The total of these deductions is $19,459.80 which, when subtracted from the $51,841.08 found by the Referee to be the aggregate of all items of materials and labor, leaves $32,381.28 as the amount which plaintiffs are entitled to recover, with interest thereon from January 14, 1955.
Insofar as concerns the defendants’ contention that this enterprise was a joint venture between the Noces and Kaufman, the evidence is clear that such a venture was never considered except in relation to the operation of the bar and grill, and that when Kaufman’s plans expanded to include remodeling the entire structure so as to convert an 18-room apartment house into a hotel, whatever designs the parties may have entertained of engaging in a joint venture were abandoned by mutual agree *355 ment, and the relationship between the parties became that of owner of the real property (Kaufman) and general contractor (Noce Bros.) for the purposes of the entire remodeling operations. Neither the Official Referee nor the Appellate Division found these operations to have been undertaken on a joint venture basis, and this aspect of the controversy is not before us except insofar as we hold that there is evidence to uphold the finding necessarily implied by the Referee’s report that the parties were not joint adventurers regarding these improvements to the building.
The judgment appealed from is modified by reversing the portion thereof which denies recovery by plaintiffs against defendant Ephraim Kaufman personally, and judgment is directed to be entered in favor of plaintiffs against him in the sum of $32,381.28, with interest from January 14, 1955, with costs in this court and in the Appellate Division. The findings of the Official Referee which were reversed by the Appellate Division on which recovery in this amount is based are reinstated, including costs of the trial against Kaufman, and the findings of the Appellate Division to the contrary are reversed. Except as above stated, the judgment and findings of the Appellate Division are affirmed.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur.
Judgments modified in accordance with the opinion herein and, as so modified, affirmed, with costs in this court and in the Appellate Division to plaintiffs against defendant Kauffman and with costs in this court to defendants Richman against plaintiffs.