■ CHARLES W. HOYNACKI et al., Appellants, v JOHN W. CUMMINGS et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court in favor of defendants, entered January 7, 1986 in Chemung County, upon a verdict rendered at Trial Term (Swartwood, J.).

A collision at the intersection of Sheridan Avenue and McCanns Boulevard in the Village of Elmira Heights, Chemung County, which occurred in the early afternoon on July 1, 1983, prompted plaintiffs' negligence suit to recover damages for property and personal injuries sustained in the incident. Immediately preceding the accident, defendant John W. Cummings was driving a tractor trailer rig in a northerly direction on Sheridan Avenue. When the traffic light controlling the intersection turned green, Cummings, who had been

stopped, slowly proceeded into the intersection, preparatory to making a left turn onto McCanns Boulevard; his turn signal was activated. He testified the intersection was then clear of southbound traffic, that there was nothing in the immediate area, and that as he shifted from first to second gear, moving at approximately 3 to 4 miles per hour, he noticed, out of the corner of his eye, a "blur", several hundred feet away, approaching the intersection. He braked immediately, bringing the rig to a stop. Within seconds, a motorcycle, owned by plaintiff Daniel G. Hoynacki and operated by plaintiff Charles W. Hoynacki moving in a southerly direction on Sheridan Avenue, and upon which a passenger was riding, skidded 30 feet, two inches into the intersection and the stopped rig. The accident caused serious injuries to both driver and passenger of the motorcycle. During the course of the trial, the latter's case settled.

Charles Hoynacki was unable to testify as to the happening of the accident due to retrograde amnesia. A disinterested party and the only other witness to the occurrence did not observe the motorcycle at any time prior to the collision and could shed little, if any, light on the critical issue of causation or plaintiffs' theory that Cummings, without first looking, turned into the path of the oncoming cyclist, obstructing his right-of-way. From the denial of their motion to set aside the jury's verdict of no cause of action, plaintiffs appeal. We affirm.

To warrant setting aside the verdict on the ground it is against the weight of the evidence, it must appear that the verdict cannot be supported by any "fair interpretation" of the evidence (see, Palermo v Gambitsky, 92 AD2d 1005). Here, the testimony of Cummings, which the jury was at liberty to credit, buttressed by physical and documentary evidence in the form of measurements and photographs of the accident scene, confirm defense counsel's assertion that the jury quite reasonably could have concluded that the motorcycle operator was speeding as he entered the intersection, that he failed to see the tractor trailer which was already in the process of turning, and that, although there was ample room to proceed around Cummings' rig—while stopped the tractor trailer occupied only half the southbound lane of Sheridan Avenue—he did not do so and was injured when he skidded into the right front side of the tractor. We are also mindful that an experienced Trial Judge, who had the opportunity to see, hear and weigh the witnesses' testimony, was not disposed to interfere with the jury's verdict.

As for the authorities relied upon by plaintiffs, among them *Joyce v Stockwell* (32 AD2d 698), we find them readily distinguishable factually.

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.