■ PHILIP ROTH, Respondent, v CITY OF NEW YORK et al., Respondents, and EDOUARDO COMPOS et al., Appellants.—In an action to recover damages for personal injuries, the defendants Edouardo Compos and National Rental Systems, Inc. appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated May 24, 1986, which denied their motion for summary judgment dismissing the complaint insofar as it is asserted against them and the codefendants' cross complaints against them.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff's status was in the nature of a "rescuer" following an automobile accident at or near the intersection of the Cross Island and Southern State Parkways. It is undisputed that the vehicles operated by the defendants Cerrito and Compos collided, and that the Cerrito vehicle, at some point, overturned. The plaintiff, an off-duty emergency medical specialist, stopped to assist, and, in the course of rendering

assistance to the occupants of the overturned Cerrito vehicle, he was struck by a third vehicle driven by the defendant Washington.

The deposition testimony of the defendants Compos and Cerrito is inconsistent with regard to the manner in which their vehicles happened to collide. However, Compos conceded in his examination before trial that he was operating his car at a speed of 60 to 65 miles per hour at the time of the occurrence. Either as a result of the collision between the Compos and Cerrito vehicles or prior to the collision, the Cerrito vehicle, containing other occupants, overturned in the path of oncoming traffic.

Since competing inferences may reasonably be drawn as to whether Compos's conduct constituted negligence, the application for summary judgment was properly denied (see, Myers v Fir Cab Corp., 64 NY2d 806). Moreover, with regard to proximate cause, a wrongdoer is responsible for the injuries of a rescuer; and although he "may not have foreseen the coming of a deliverer [h]e is accountable as if he had" (Wagner v International Ry. Co., 232 NY 176, 180; see also, Rodriguez v New York State Thruway Auth., 82 AD2d 853, 854). Weinstein, J. P., Eiber, Spatt and Sullivan, JJ., concur.