■ ROSALIE VIEGAS, Respondent, v NEIL ESPOSITO, Respondent, and ELIZABETH DALTON, Appellant.—In an action to recover damages for personal injuries, the defendant Dalton appeals from an order of the Supreme Court, Richmond

County (Amann, J.), dated April 21, 1987, which granted the plaintiff's motion for summary judgment as against her and the cross motion of the codefendant Esposito dismissing the complaint insofar as it is asserted against him and the cross claim against him.

Ordered that the order is affirmed, with costs.

In the early morning hours of May 12, 1984, a head-on collision occurred between the vehicles driven by the defendants Dalton and Esposito. The plaintiff was, at the time, a passenger in the Esposito vehicle. The police accident report contained a statement that the Dalton vehicle "skidded on wet pavement traveling north on Richmond Rd. striking [the Esposito vehicle] traveling south on Richmond Rd". Although the defendant Dalton had no recollection of the events surrounding the accident, she charged that the defendant Esposito made no attempt to maneuver his vehicle out of the way of her own vehicle which had crossed over into his lane of travel.

Without disputing the principle that negligence cases, by their very nature, do not customarily lend themselves to summary judgment resolution (see, Ugarriza v Schmieder, 46 NY2d 471, 475-476; Johannsdottir v Kohn, 90 AD2d 842), the instant case is not one in which competing inferences may reasonably be drawn (cf., Myers v Fir Cab Corp., 64 NY2d 806; Roth v City of New York, 130 AD2d 732, 733). Significantly, the defendant Dalton has provided no explanation for the accident (cf., Vadala v Carroll, 91 AD2d 865, affd 59 NY2d 751). Nor can the defendant Esposito reasonably be held to a duty to have anticipated Dalton's presence in his lane of traffic and to have taken appropriate steps to avoid her. As this court has previously held, "[t]here is no legal duty to protect against an occurrence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against" (Silver v Sheraton-Smithtown Inn, 121 AD2d 711).

Under the circumstances, the plaintiff, who was free of any negligence, was properly awarded summary judgment and the cross motion of the defendant Esposito to dismiss the complaint insofar as it is asserted against him and the cross claim against him was properly granted. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.