■ HEYWOOD PETIONI et al., Respondents, v WILLIAM GRISI et al., Appellants.—Order, Supreme Court, New York County (Loren Brown, J.), entered on or about December 14, 1988, which granted the motion of plaintiffs Heywood Petioni and Antoinette Petioni, pursuant to CPLR 4111 (c), to set aside the jury verdict and remand the matter for a new trial on all issues except negligence, unanimously affirmed, without costs.

After the court directed a verdict in favor of plaintiffs on the issue of negligence at the conclusion of trial, the remaining issues of serious injury and damages were submitted to the jury. Its responses, however, to the interrogatories on the verdict sheet were clearly inconsistent. The jury answered affirmatively to questions (2) and (3), which asked whether plaintiff, as a result of the accident, had sustained a significant limitation of use of a body function or system and whether plaintiff, as a result of the accident, had sustained an injury or impairment which prevented him from performing customary daily activities for a period of 90 days during the 180 days immediately following the accident. However, the jury answered negatively to interrogatory number (4) which asked whether the accident was the proximate cause of the injuries sustained by plaintiff. Thus, the jury concluded that defendants' negligence resulted in plaintiff's injuries, but at the same time found that it was not the proximate cause of the injuries. We have recently held that where a jury's findings with respect to negligence and proximate cause are irreconcilably inconsistent, the judgment in favor of defendant cannot stand. *(Bucich v City of New York,* 111 AD2d 646, 647; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507.) There is simply no view of the evidence to support defendants' claim that the verdict can be reconciled. Concur—Murphy, P. J., Sullivan, Carro, Wallach and Rubin, JJ.