■ DANIEL CUMMINS et al., Appellants, v MURRAY F. ROSE et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Wager, J.), entered October 4, 1990, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for a determination of damages.

On December 30, 1987, the plaintiff Daniel Cummins, while a passenger in the vehicle operated by the defendant Andre M. Rose, was injured in a head-on collision. Three eyewitnesses testified at examinations before trial that the defendants' vehicle, which had been traveling northbound, failed to negotiate a turn, crossed a yellow line in a no-passing zone, went into the southbound lane, and struck a vehicle which had been traveling south head-on. Neither Cummins nor Rose had any recollection of the accident. On appeal, the plaintiffs argue that the court erred in denying their motion for partial summary judgment on the issue of liability. We agree.

"While negligence cases do not generally lend themselves to resolution by motion for summary judgment, such a motion will be granted where, as here, the facts clearly point to the negligence of one party without any fault or culpable conduct by the other party" *(Morowitz v Naughton,* 150 AD2d 536, 537; citing *Viegas v Esposito,* 135 AD2d 708). Here, Rose was unquestionably responsible for causing the accident while Cummins was free from culpable conduct. No competing inferences may be drawn. Although a question of fact may exist as to whether Cummins was wearing a seatbelt, under these conditions that question may only be considered with regard to the possible mitigation of damages *(see, Spier v Barker,* 35 NY2d 444, 450; *Curry v Moser,* 89 AD2d 1, 7). The defendants have failed to raise the existence of any bona fide issues of fact to warrant a denial of summary judgment on the issue of liability *(see, O'Callaghan v Flitter,* 112 AD2d 1030). Bracken, J. P., Sullivan, Balletta and Lawrence, JJ., concur.