■ Marie Fuller, Respondent, v Richard L. Blackbird et al., Appellants, et al., Defendant. [621 NYS2d 208] —Cardona, P. J. Appeals (1) from an order of the Supreme Court (Dier, J.), entered September 20, 1993 in Washington County, which denied a motion by defendants Richard L. Blackbird and Ida Fuller for summary judgment dismissing the complaint against them, and (2) from an order of said court, entered May 27, 1994 in Washington County, which denied said defendants' motion for renewal.

Plaintiff was a passenger in a vehicle owned by defendant Ida Fuller and driven by defendant Richard L. Blackbird. The vehicle was proceeding northbound on the Northway in the

Town of Wilton, Saratoga County, on March 25, 1989. Blackbird was maintaining a speed of 55 miles per hour in the right lane when, at approximately 1:30 P.M. the vehicle was struck on the right-hand side by a vehicle being operated by defendant Henry J. Weinert. The Weinert vehicle was traveling faster than the Fuller vehicle, entered the breakdown lane, hit the guardrail and careened into the Fuller vehicle. The force of the impact drove the Fuller vehicle across the highway and left-hand lane into an abutment, where it was then struck by another vehicle. Plaintiff commenced this action seeking damages for her injuries. Fuller and Blackbird sought summary judgment which was denied* and, after deposing a nonparty witness, renewed the motion which was also denied.* They appeal both orders.

On the uncontroverted facts presented here, no liability can be imposed on Fuller and Blackbird *(see, Roman v Vargas,* 182 AD2d 543). The entire event occurred over a matter of seconds and there is no evidence whatsoever of fault or culpable conduct in reference to the operation of the Fuller vehicle *(see, Gouchie v Gill,* 198 AD2d 862; *Cummins v Rose,* 185 AD2d 839; *Morowitz v Naughton,* 150 AD2d 536, 537; *Viegas v Esposito,* 135 AD2d 708, *lv denied* 72 NY2d 801). Plaintiff's speculation that Fuller may have contributed to the accident by failing to maintain sufficient maneuvering space around his vehicle has no support in the record and is patently insufficient to defeat the motion *(see, Zuckerman v City of New York,* 49 NY2d 557; *see also, McKenney v Orzechowski,* 208 AD2d 1149; *Cohen v Masten,* 203 AD2d 774).

Mikoll, Mercure, Casey and Yesawich Jr., JJ., concur. Ordered that the orders are reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Richard L. Blackbird and Ida Fuller, and complaint dismissed against them.

---

* Part of the opposition to the original motion included the need to depose a nonparty witness. When this was completed, the motion was renewed. That witness, a passenger in the Weinert vehicle, was asleep until the impact with the guardrail and was unable to provide any relevant information concerning the accident.