■ NANCY PIMPINELLA et al., Respondents, v MATTHEW J. MCSWEGAN, Appellant, et al., Defendants. [623 NYS2d 863] —Judgment, Supreme Court, New York County (Howard Miller, J.), entered August 12, 1993 which, upon a jury verdict, awarded plaintiff $1,405,000, unanimously reversed, on the law and the facts, without costs, and the matter is remanded for a new trial.

This is a personal injury action in which plaintiff Nancy Pimpinella was injured when her car collided with a car driven by defendant Matthew J. McSwegan near the intersection of Richmond Avenue and Carnegie Avenue in Staten Island, New York. Plaintiff was driving southbound on Richmond Avenue, which has three travelling lanes and a fourth "parking lane", when she turned from the right travelling lane toward the parking lane in order to make a right turn onto Carnegie Avenue. Plaintiff's car was struck by McSwegan's car, which was travelling in the parking lane, and was propelled back into the travelling lanes and eventually came to a stop after striking the highway divider between the northbound and southbound lanes.

At trial, plaintiff contended that defendant was negligent in attempting to pass plaintiff's vehicle on the right in the parking lane and for travelling at an excessive rate of speed, whereas defendant maintained that plaintiff was negligent in failing to signal when she turned into his lane,thereby causing the accident.

The jury found, *inter alia,* that: defendant was negligent and that his negligence was a proximate cause of plaintiff's injuries; that plaintiff was negligent but that her negligence was not a proximate cause of her injuries; and that defendant was 100% at fault. Defendant appeals, asserting, *inter alia,* that the jury's verdict was inconsistent. We agree.

The court, in charging the jury, stated that it was plaintiff's claim that defendant had failed to comply with Vehicle and

Traffic Law § 1123 (b) which provides: "[t]he driver of a vehicle may overtake and pass another vehicle upon the right only under conditions permitting such movement in safety. Such movement shall not be made by driving off the pavement or main-traveled portion of the roadway." The court instructed the jury that if it finds defendant violated the statute, such violation constitutes negligence. The jury subsequently found defendant was negligent, apparently based on a violation of Vehicle and Traffic Law § 1123 (b), having passed plaintiff on the right under conditions that did not permit such movement in safety.

The court also informed the jury that it was defendant's claim that plaintiff failed to comply with Vehicle and Traffic Law § 1160 (a) which states: "a right turn shall be made as close as practicable to the right hand curb or edge of the roadway." The jury thereafter also found plaintiff negligent, apparently concluding that plaintiff's approach to the right turn onto Carnegie Avenue was not made as close as practicable to the right hand curb.

As a general proposition, a finding of negligence is not inconsistent with a finding of no proximate cause *(Palsgraf v Long Is. R. R. Co.,* 248 NY 339; *Vera v Bielomatik Corp.,* 199 AD2d 132, 133). However, where a jury's findings with regard to negligence and proximate cause are irreconcilably inconsistent, the judgment cannot stand *(Petioni v Grisi,* 155 AD2d 366; *Bucich v City of New York,* 111 AD2d 646, 647).

In the matter before us, plaintiff testified that she stopped at a traffic light approximately 100 feet from the Carnegie Avenue intersection and once the light turned green, she looked in her right-side mirror and saw no cars in the parking lane. Plaintiff then proceeded in the travelling lane for approximately 50 feet before she began to move toward the parking lane without again checking her mirrors immediately before the turn. It is our view, gleaned from plaintiff's own testimony, that the blind manner in which plaintiff made her approach to Carnegie Avenue, coupled with the jury's finding of negligence, requires a finding that plaintiff's actions were, at the very least, a proximate cause of the accident, rendering the jury's verdict irreconcilably inconsistent. Concur—Rosenberger, J. P., Wallach, Kupferman and Tom, JJ.