■ DAVID J. MURPHY, Appellant, v STEPHEN J. SPICKLER, Defendant, and MICHAEL R. DURLING, Respondent. [638 NYS2d 188] —Peters, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered October 19, 1994 in Saratoga County, which granted defendant Michael R. Durling's motion for summary judgment dismissing the complaint against him.

On November 24, 1992, defendant Michael R. Durling was

stopped facing north on US Route 4 in the Town of Halfmoon, Saratoga County, preparing to make a left turn onto Lower Newton Road. While waiting with his direction signal on for a break in the southbound traffic, Durling was struck in the rear by a vehicle driven by defendant Stephen J. Spickler and propelled into the southbound traffic, striking plaintiff's vehicle. Plaintiff commenced this personal injury action and, after joinder of issue and discovery, Durling moved for summary judgment dismissing the complaint against him, contending that he was not the proximate cause of the accident. Plaintiff opposed the motion on the basis that Durling's front wheels were angled leftward constituting negligence and contributed to the accident. Supreme Court, finding no bona fide issue of fact suggesting that the angle of Durling's tires was the cause of the accident, granted the motion. Plaintiff appeals.

Initially, it is observed that the affidavit of Michael Greco, the driver of the southbound vehicle which was immediately ahead of plaintiff, states that Durling's front wheels were angled leftward toward oncoming traffic. Plaintiff raised an issue of fact as to the status of the wheels, even though Greco does not quantify the angle. The sole remaining issue is whether it is negligent for a vehicle, lawfully stopped and waiting in traffic to make a left turn across traffic, to fail to anticipate a rear-end accident and to turn its wheels prior to the actual commencement of the turn in light of such risk. We conclude that Durling cannot be reasonably held to have the duty to have anticipated that he would be struck from behind due to the negligence of another and due to no fault on his part and to have reasonably and prudently prepared for such an eventuality (*see, Barnes v Lee*, 158 AD2d 414; *Viegas v Esposito*, 135 AD2d 708, *lv denied* 72 NY2d 801; *Sciocchetti v Trichilo*, 127 AD2d 958; *Stenson v Teschmacher*, 15 AD2d 787).

While the driving tips submitted by plaintiff do reflect the defensive driving suggestion of keeping one's wheels straight until one actually commences a left turn, the record fails to establish that the failure to follow this tip is imprudent, careless or negligent. Here, Durling was performing a lawful traffic maneuver when struck by Spickler without any fault of his own. The cause of the accident was the inattention and negligence of Spickler. Accordingly, Supreme Court did not err in granting summary judgment to Durling dismissing the complaint against him.

Cardona, P. J., Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, with costs.