■ THOMAS G. PIOTROWSKI et al., Appellants, v RUSSELL S. NYE et al., Defendants, and JAMES G. FINK, Respondent. [692 NYS2d 270] —Order affirmed without costs. Memorandum: Supreme Court properly granted the motion of James G. Fink (defendant) for summary judgment dismissing the complaint and cross claim against him. Plaintiffs commenced this action to recover damages for injuries sustained by Thomas G. Piotrowski (plaintiff) in a multi-vehicle accident. While defendant was waiting to make a left turn, his truck was struck from behind and propelled into the path of plaintiff's oncoming truck. We reject plaintiffs' contention that liability may be premised on the alleged failure of defendant to keep the wheels of his truck straight while waiting to turn (*see, Murphy v Spickler,* 224 AD2d 814). "[N]egligence does not exist unless there is

a reasonable likelihood of danger as a consequence of the act complained of" (*O'Neill v City of Port Jervis*, 253 NY 423, 433). "The risk reasonably to be perceived defines the duty to be obeyed" (*Palsgraf v Long Is. R. R. Co.*, 248 NY 339, 344, *rearg denied* 249 NY 511). The failure of defendant to keep the wheels of his truck straight endangered no one unless he was struck from behind, an occurrence that was not reasonable to expect.

All concur except Balio, J., who dissents and votes to reverse in the following Memorandum.

Balio, J. (dissenting). I respectfully dissent. The New York State Driver's Manual, which is issued to every applicant for a learner's permit or driver's license, instructs drivers who are preparing to turn left at an intersection to "[k]eep your wheels straight to avoid being pushed into oncoming traffic should a rear-end collision occur" (New York State Dept of Motor Vehicles, Driver's Manual, at 40 [Feb. 1997 revision]). Defensive driving courses likewise instruct drivers to "[k]eep wheels pointing straight ahead" before making a left turn (American Assn Of Retired Persons, 55 Alive Student Workbook, at 34 [ed IV]). The fact that a vehicle if pushed will continue in the direction that its wheels are turned is a commonly understood principle of physics. Under the circumstances, plaintiffs raised an issue of fact whether it was foreseeable that a vehicle stopped in a traffic lane waiting to turn left with its front wheels prematurely angled to make the turn, if struck in the rear, would be pushed into oncoming traffic. To conclude as a matter of law that it was not foreseeable that "a vehicle, lawfully stopped and waiting in traffic to make a left turn across traffic," might be struck from behind (*Murphy v Spickler*, 224 AD2d 814, 815) defies common experience. I additionally note that the cases relied upon by the Third Department in *Murphy* do not involve the issue of tires that were prematurely angled before turning left (*see, Barnes v Lee*, 158 AD2d 414; *Viegas v Esposito*, 135 AD2d 708, *lv denied* 72 NY2d 801; *Sciocchetti v Trichilo*, 127 AD2d 958; *Stenson v Teschmacher*, 15 AD2d 787). The instructions in the Driver's Manual set forth the reasonable and proper procedures in preparing for and executing a left turn. A jury is entitled to determine whether the failure to operate a vehicle in accordance with those procedures constitutes negligence. Thus, I would reverse the order, deny the motion and reinstate the complaint. (Appeal from Order of Supreme Court, Erie County, Fahey, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Balio, JJ.