■ JOSEPH G. CANCELENO et al., Appellants, v WILLIAM J. JOHNSTON et al., Respondents, et al., Defendants. (Action No. 1.) WILLIAM J. JOHNSTON et al., Plaintiffs, v DINA CANCELENO et al., Defendants. (Action No. 2.) DINA CANCELENO, Appellant, v WILLIAM J. JOHNSTON et al., Respondents. (Action No. 3.) [694 NYS2d 125] —In three related actions to recover damages for wrongful death and personal injuries which were joined for trial, the plaintiffs in Actions No. 1 and 3 separately appeal from an order of the Supreme Court, Suffolk County (Doyle,

J.), dated June 15, 1998, which granted the motion of the defendants William J. Johnston and William J. Johnston Plumbing and Heating, for summary judgment dismissing those complaints and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The respondents' submissions established their prima facie entitlement to judgment as a matter of law dismissing the complaints and all cross claims in Actions No. 1 and 3 insofar as asserted against them (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Zuckerman v City of New York,* 49 NY2d 557). The respondents demonstrated that William J. Johnston was not negligent in failing to avoid the vehicle driven by the appellant Dina Canceleno as it executed a left turn across the oncoming lanes of traffic in which Johnston was lawfully traveling (*see, Smalley v McCarthy,* 254 AD2d 478; *Williams v Econ,* 221 AD2d 429; *Murphy v Spickler,* 224 AD2d 814; *Fuller v Blackbird,* 211 AD2d 886; *Moller v Lieber,* 156 AD2d 434, 435; *Viegas v Esposito,* 135 AD2d 708).

Since the appellants' opposing submissions failed to create material questions of fact with respect to Johnston's alleged culpability (*Fuller v Blackbird, supra; Williams v Econ, supra; Viegas v Esposito, supra*), the Supreme Court properly granted the respondents' motion. Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.