■ FELIX A. DI LEONE, Respondent, v LEK M. HASAN et al., Appellants. [710 NYS2d 628] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Oliver, J.), dated September 8, 1999, which granted that branch of the plaintiff's motion pursuant to CPLR 4404 which was to set aside the jury verdict in favor of the defendant and order a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the jury verdict is reinstated.

The plaintiff was allegedly injured when his motorcycle hit a car driven by the defendant Muharem L. Hasan. As Hasan was making a left turn from Franklin Avenue onto Arlington Avenue in Franklin Square, he felt something strike the right rear of his car. Hasan exited the car and observed the plaintiff and his motorcycle on the ground.

Although the plaintiff could not recall the accident, before the accident he had been visiting his friend Bobby Cataldo at his store on Franklin Avenue, near the intersection with Arlington Avenue. He remembered putting on his helmet, starting the motorcycle, and pulling away from the curb. The next thing he remembered was being transported in a helicopter.

Contrary to the trial court's conclusion, the jury could have concluded, on a fair interpretation of the evidence, that Hasan did not see the plaintiff on his motorcycle before he made the left turn because the plaintiff had pulled out from behind a van parked on Franklin Avenue, approximately 50 feet north of Arlington Avenue (*see, DeVivo v Perdue,* 144 AD2d 624; *McNierney v Zara Contr. Co.,* 125 AD2d 456; *see also, Calemine v Hobler,* 263 AD2d 495). Accordingly, there was no basis to set aside the jury verdict. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.