■ Isaac Sonaike, Respondent, v Weldon C. Jenious et al., Appellants, and Aina O. Beatty, Respondent. [727 NYS2d 151] —In an action to recover damages for personal injuries, the defendants Weldon C. Jenious and Atlantic Express Coachways, Inc., appeal from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated August 2, 2000, which, upon a jury verdict finding the defendant Aina Obafemi Beatty 100% at fault in the happening of the accident, granted the respective motions of the plaintiff and that defendant pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence and ordered a new trial on the issue of liability.

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

Since the trial court's order did not determine a motion made on notice, it is not appealable as of right (*see,* CPLR 5701 [c]; *Sauray v City of New York*, 261 AD2d 601). However, under the circumstances of this case, we find it appropriate to treat the notice of appeal as an application for leave to appeal, and we grant that application in the interest of justice.

The plaintiff, Isaac Sonaike, was injured when the car in which he was a passenger, which was operated by the defendant Aina Obafemi Beatty, collided with a bus owned by the defendant Atlantic Express Coachways, Inc. (hereinafter Atlantic), and operated by the defendant Weldon C. Jenious at

the intersection of Willowbrook Road and North Gannon Avenue in Staten Island. Traffic proceeding in Jenious's direction on Willowbrook Road was controlled by a stop sign at the intersection. Jenious testified that he stopped at the stop sign for about 10 seconds and looked both ways. Not observing any traffic, he proceeded into the intersection and collided with the vehicle operated by Beatty. The jury returned a verdict in favor of Jenious and Atlantic, finding that Beatty was 100% at fault in the happening of the accident and that Jenious was not at fault. The trial court granted the respective motions of the plaintiff and Beatty to set aside the verdict as against the weight of the evidence and ordered a new trial.

The proof established that, at a minimum, Jenious violated Vehicle and Traffic Law § 1142 (a) by proceeding into the intersection without yielding the right of way to Beatty. Such a violation constitutes negligence as a matter of law and could not be disregarded by the jury (*see, Nunziata v Birchell,* 238 AD2d 555; *Dellavecchia v Zorros,* 231 AD2d 549; *Mohamed v Frische,* 223 AD2d 628).

Since the jury could not have reached its verdict on any fair interpretation of the evidence, the trial court providently exercised its discretion in setting aside the verdict and ordering a new trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129). O'Brien, J. P., Florio, Feuerstein and Smith, JJ., concur.