■ CANDICE BENNETT et al., Respondents, v CITY OF NEW YORK et al., Defendants, and POLICE ATHLETIC LEAGUE, INC., Appellant. [756 NYS2d 633] —In an action to recover damages for personal injuries, etc., the defendant Police Athletic League, Inc., appeals from a judgment of the Supreme Court, Queens County (Dollard, J.), entered August 21, 2001, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $250,000.

Ordered that the judgment is reversed, on the facts, and a new trial is granted on the issue of liability only, with costs to abide the event; the jury's findings as to damages are affirmed.

While participating in a track and field program sponsored by the appellant Police Athletic League, Inc. (hereinafter the PAL), the then 13-year-old infant plaintiff sustained an injury when she slipped on the ground-level horizontal support bar of a hurdle over which she was attempting to jump. The jury, finding that the PAL was negligent, and also finding that its negligence contributed to the infant plaintiff's accident, awarded the plaintiffs damages in the principal sum of $250,000. The jury also found that the infant plaintiff was herself negligent, but that such negligence was not a proximate cause of the accident.

We agree with the PAL's argument that the jury verdict finding that the infant plaintiff was herself negligent, but that her negligence did not contribute to the accident, is against the weight of the evidence. In this case, "the issues of [comparative] negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence

without also finding proximate cause" (*Kovit v Estate of Hallums,* 261 AD2d 442, 443 [1999]; *see Hernandez v Baron,* 248 AD2d 440 [1998]; *Pimpinella v McSwegan,* 213 AD2d 232 [1995]; *Schaefer v Guddemi,* 182 AD2d 808 [1992]; *Petioni v Grisi,* 155 AD2d 366 [1989]; *see also Bendersky v M&O Enters. Corp.,* 299 AD2d 434 [2002]; *Johnson v Schrader,* 299 AD2d 815 [2002]; *Calderon v Irani,* 296 AD2d 778 [2002]). The proper remedy is to set the verdict aside and direct a new trial on the issue of liability (*see Bendersky v M&O Enters. Corp., supra; Johnson v Schrader, supra; Kovit v Estate of Hallums, supra*).

In light of all of the circumstances of this case, including the infant plaintiff's age, her level of experience, and the PAL's alleged failure to furnish her with adequate instructions, we do not agree with the PAL's argument that the doctrine of assumption of the risk presents a complete bar to recovery (*see generally Trainer v Camp Hadar Hatorah,* 297 AD2d 731 [2002]; *Taylor v Massapequa Intl. Little League,* 261 AD2d 396 [1999]; *Petretti v Jefferson Val. Racquet Club,* 246 AD2d 583 [1998]; *cf. Auwarter v Malverne Union Free School Dist.,* 274 AD2d 528 [2000]).

The appellant's remaining contentions are without merit. Prudenti, P.J., Florio, Schmidt and Mastro, JJ., concur.