■ HEMWANTY NASIRUDIN, Appellant, et al., Plaintiffs, v GANESH HARRY et al., Defendants, and LEE E. HOLDEN, Respondent. [778 NYS2d 699]—

In an action to recover damages for personal injuries, the plaintiff Hemwanty Nasirudin appeals from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated October 17, 2003, as, upon renewal, adhered to its prior determination in an order dated March 25, 2003, granting that branch of the motion of the defendant Lee E. Holden which was for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly determined that the deposition testimony of the defendant Khomalram Prabhudayal, which was submitted on the plaintiff's motion for leave to renew, established that Prabhudayal violated Vehicle and Traffic Law § 1142 (a) by failing to yield the right of way to the vehicle driven by the defendant Lee E. Holden. The Supreme Court, finding that some of Prabhudayal's testimony was incredible as a matter of law, correctly determined that, in any event, the testimony was insufficient to raise a triable issue of fact as to Holden's negligence in the happening of the accident (*see Szczotka v Adler*, 291 AD2d 444 [2002]; *Batal v Associated Univs.*, 293 AD2d 558 [2002]; *Sonaike*

*v Jenious,* 285 AD2d 457 [2001]; *Parisi v Mitchell,* 280 AD2d 589 [2001]; *Bolta v Lohan,* 242 AD2d 356 [1997]).

In light of our determination, the parties' remaining contentions either are without merit or have been rendered academic. Santucci, J.P., Goldstein, Luciano and Mastro, JJ., concur.