OPINION OF THE COURT
Per Curiam.
Judgment entered June 13, 2002 affirmed, with $25 costs. Appeal from order of the same court and judge entered March 18, 2002, which denied plaintiffs motion to set aside the verdict, dismissed, without costs, as superseded by the appeal from the judgment.
This negligence action arises from a two-car collision at the intersection of East Fordham Road and Walton Avenue in the Bronx. The accident occurred when a vehicle driven by defendant Jennifer Sarlo was struck by plaintiffs eastbound vehicle as the Sarlo vehicle was making or had “complete[d]” making a left turn onto Walton Avenue heading southbound. The defense evidence of the events leading up to the accident, uncontradicted at trial by plaintiff who claimed he could not recall the accident, showed that when the traffic light controlling the intersection turned green, Sarlo, who had been stopped, slowly proceeded into the intersection in order to make a left turn onto Walton Avenue, her turn signal activated. Defendant made her turn after waiting for several eastbound vehicles to pass through the intersection and after she looked but saw no other oncoming traffic. The right side of defendant’s vehicle was “broadsided” by plaintiffs car in the middle of the intersection at a time when defendant was facing south in the direction of Walton Avenue. The impact of the collision was “heavy” and the damage to both vehicles considerable, with the entire front end of plaintiffs car “destroyed.”
Contrary to the arguments framed by plaintiff on appeal,* the jury verdict, which found that the defendant was negligent but *23 that such negligence was not a substantial factor in causing the accident, is neither irrational nor against the weight of the evidence.
As a general proposition, the issue of whether a defendant’s negligence was a proximate cause of an accident is “separate and distinct” from the issue of negligence (Ohdan v City of New York, 268 AD2d 86, 89 [2000], appeal dismissed 95 NY2d 769 [2000]).
“A jury finding that a party was negligent but that such negligence was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are ‘so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause’ ” (Cona v Dwyer, 292 AD2d 562, 563 [2002], quoting Rubin v Pecoraro, 141 AD2d 525, 527 [1988]; accord Almestica v Colon, 12 AD3d 627, 628 [2004]).
Further, where “an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Mascia v Olivia, 299 AD2d 883 [2002], quoting Kovit v Estate of Hallums, 261 AD2d 442, 443-444 [1999]).
In applying these settled legal principles, we must also be mindful that the jury in this case was required to resolve the critical negligence and causation issues in a factual vacuum created by the plaintiffs claimed memory loss, a condition which, notably, was unsupported by requisite expert evidence (see Sawyer v Dreis & Krump Mfg. Co., 67 NY2d 328, 334-335 [1986]) or, for that matter, by any evidence whatsoever. It is worth noting in this regard that plaintiff, whose emergency room records indicate that he was “conscious, awake, alert, [and] oriented” within two hours of the accident, was forced to acknowledge on cross-examination that he had failed to mention any memory loss to his testifying neurologist (a Dr. Fazzini, who examined plaintiff on at least three occasions prior to trial) and, further, that he had previously told the doctor that he was “jolted” as a result of the collision and that he felt “immediate pain” to his back, neck, and head — vivid recollections hardly consistent with the plaintiffs putative amnesiac state at trial. In these circumstances, and since a finding that plaintiff was feigning amnesia would not have been unreasonable, the jury was entitled to draw the strongest inference against plaintiff *24 permitted by the evidence (see Noce v Kaufman, 2 NY2d 347, 353 [1957]).
In the posture of this case, where plaintiff was unable (or unwilling) to recall the traffic conditions, how fast he was driving, whether or not his vehicle had pulled out from the curb abutting any of the stores near the intersection immediately prior to the collision, or what, if any, evasive action he took to avoid broadsiding defendant’s vehicle, the jury logically could have concluded that plaintiffs negligence was the sole proximate cause of the accident and rationally resolved the fact-laden causation issue in defendants’ favor (see Skowronski v Mordino, 4 AD3d 782 [2004]; Di Leone v Hasan, 274 AD2d 410 [2000]; Hoynacki v Cummings, 127 AD2d 941 [1987]; but cf. Salazar v City of New York, 302 AD2d 580 [2003]). Nor, on this record, would it have been “sheer speculation” (dissenting op at 29) for the jury to determine that plaintiff was speeding as he approached and entered the intersection and that he failed to use reasonable care to avoid hitting the defendant’s car which was already in the process of turning. “The damage to plaintiffs car indicated an impact of some force and permitted, though it did not require, an inference of speed and lack of control of [plaintiff’s] car.” (Bogorad v Fitzpatrick, 38 AD2d 923, 924 [1972], affd 31 NY2d 984 [1973].) In the final analysis, “[a]ny conflict as to causation, which plaintiff had the burden of proving, was for the jury to resolve in assessing all of the evidence as well as the credibility of the witnesses.” (Lewis v Progressive Agency, 6 AD3d 293, 293-294 [2004].)
To sum up, plaintiff neither adequately explained his inability to recall the circumstances of the collision nor offered any evidence indicating how and to what extent the defendant’s negligence contributed to the accident (see Zhenfan Zhang v Yellow Tr. Corp., 5 AD3d 337 [2004]), and thus failed to demonstrate that the jury could not have reached its verdict on any fair interpretation of the evidence (see Nicastro v Park, 113 AD2d 129, 134 [1985]).

 Although our dissenting colleague finds error in a portion of the jury charge relating to Vehicle and Traffic Law § 1141 (“Vehicle turning left”), plaintiff-appellant raises no such issue in his brief on appeal, and we therefore have no occasion to consider it.