Suarez, J.
(dissenting in part). I respectfully dissent.
Lost, 17-year-old high school student, defendant motorist of one month, Jennifer Sarlo, driving her father’s automobile, with her girlfriend as a passenger, coming from a visit to a male friend in Yonkers, whose name she does not remember, and attempting to get to her home located at Stadium Avenue in the northeast section of the Bronx, was involved in a 9 o’clock *25 weekday school night automobile accident. While traveling westbound on East Fordham Road, a two-lane traveling roadway with a parking lane in each direction, Sarlo brought her vehicle to a full stop behind the only vehicle stopped in front of her in the left lane at a red traffic signal at the intersection of East Fordham Road and Walton Avenue. After coming to a stop and before commencing to turn left, she put on her left turn signal, but did not know what caused her to turn left, did not remember when she made the decision to turn left, did not know where she intended to go after making the left turn, and did not know that the street she was intending to make a left turn onto was Walton Avenue until she reviewed her deposition before the trial. Upon the traffic signal turning green, the vehicle in front of her proceeded through the intersection and continued its travel westbound on East Fordham Road at which time defendant proceeded into the intersection and came to another full stop. She testified she had a clear and unobstructed one-block view across East Fordham Road. Before she commenced her left turn, she testified that she waited until all vehicles traveling eastbound on East Fordham Road were clear of the intersection. Upon completing her left turn, but while still in the middle of the intersection, plaintiffs and defendant’s vehicles collided. Plaintiff claimed he had no memory of the accident, other than making a right turn from Jerome Avenue onto East Fordham Road traveling eastbound, a distance of one block from the intersection of Walton Avenue and East Fordham Road where the accident occurred.
The jury’s finding that defendant driver Jennifer Sarlo’s negligence was not a substantial factor in causing the accident was against the weight of the evidence. Plaintiff Saldana had the right-of-way. The collision occurred in the intersection of the roadway, immediately after defendant Sarlo completed her left turn. The collision’s point of impact was the front of plaintiff Saldana’s vehicle and the passenger side of defendant Sarlo’s vehicle. Defendant Sarlo testified that she did not see plaintiff Saldana’s car approaching the intersection from the opposite direction and she did not yield the right-of-way to him. (See Smalley v McCarthy, 254 AD2d 478 [2d Dept 1998].) These factors make it logically impossible for the jury to have determined that her negligence was not at least a substantial factor in causing the accident, although perhaps not its sole factor.
The majority is wrong when it finds no occasion to reach the issue of the trial court’s erroneous charge with respect to Vehicle and Traffic Law § 1141, stating that “plaintiff-appellant *26 raises no such issue in his brief on appeal.” (Majority op at 22 n.) While plaintiff may technically have “abandoned” the issue of Judge Guzman’s inaccurate charge on the law with respect to Vehicle and Traffic Law § 1141, his discussion, argument and reference to the issues of his vehicle having the right-of-way, and defendant Sarlo’s failure to yield the right-of-way and failure to see his vehicle, are addressed more than once in his brief. These, it is submitted, are sufficient to constitute nonabandonment of the issue, especially, where as here, the jury made a finding of negligence. Since the dissent recommends a new trial in the interests of justice (see Titlebaum v Loblaws, Inc., 75 AD2d 985, 985 [4th Dept 1980]; Van v Clayburn, 21 AD2d 144 [1st Dept 1964]), it is most appropriate to call the error to the court’s attention, so the same mistake will not be made. See e.g. Carpenter v Saltone Corp. (276 AD2d 202, 212 [2d Dept 2000]), where the Appellate Division wrote:
“Our reluctance to address the larger issue of whether a Medicaid lien may, in the case of an infant as in the case of an adult, be satisfied from all the proceeds of the settlement of a personal injury action, is founded on our respect for the basic theory underlying the adversarial method of appellate litigation. It is always better for an appeals court, as it is for a trial court, to pass upon only those issues which the litigants have had a fair opportunity to address. Clearly, the plaintiffs have not felt the need to address the argument which the appellant DSS has deemed fit to abandon . . . These considerations, however, ought not to preclude the DSS from reasserting its original argument (abandoned on this appeal) during the course of further proceedings in the Supreme Court which are, in any event, necessary in light of our determination. The DSS should be granted leave to renew its opposition to the plaintiffs’ motion to vacate the lien, and to advance once again its original argument.” (Emphasis supplied.)
The inconsistent verdict may very well have been the result of the trial court’s elimination from its charge on vehicles turning left, the words from Vehicle and Traffic Law § 1141[1] “or so close as to constitute an immediate hazard.” The error was called to the trial court’s attention before the jury began *27 deliberating. Plaintiff-appellant Saldana, in his brief, specifically calls to our attention, citing Canceleno v Johnston (264 AD2d 405 [2d Dept 1999]); Smalley v McCarthy (supra); and Burns v Mastroianni (173 AD2d 754 [2d Dept 1991]), that:
“Under the case law cited, the driver of a left turning vehicle which fails to yield the right of way to a vehicle approaching from the opposite direction which is so close as to constitute an immediate hazard and who fails to see that which under the facts and circumstances should have been seen, i.e. the other vehicle approaching from the opposite direction, is held to be negligent as a matter of law.” (Appellant’s brief at 4-5; emphasis supplied.)
Except for the procedural posture, Canceleno and Smalley are virtually indistinguishable from the present case. Additionally, under the heading, “ARGUMENT,” appellant Saldana again calls to our attention that:
“[B]ased on the charge of the court as it related to the operative facts, the jury correctly predicated liability on either defendant-respondent, JS’s, violation of Vehicle and Traffic Law § 1141 or her breach of her common law duty to keep a proper lookout and see that which was there to be seen, i.e. Saldana’s vehicle approaching the intersection from the opposite direction so close as to constitute an immediate hazard.” (Appellant’s brief at 6-7; emphasis supplied.)
Although the trial court gave an explanation of why it eliminated the words or so close as to constitute an immediate hazard,[2] there was sufficient circumstantial evidence that plaintiff Saldana’s vehicle was either within the intersection or *28 so close as to constitute an immediate hazard, so that the entire eliminated disjunctive clause of Vehicle and Traffic Law § 1141 should have been read.
While as a general proposition a finding of negligence is not inconsistent with a finding of no proximate cause, here the negligence was so intertwined with the issue of proximate cause that a finding of negligence necessarily entailed a finding of proximate cause, and thus there is no fair interpretation of the evidence by which the jury could have determined that the negligence was not a proximate cause of the accident. (See Young v Gould, 298 AD2d 287, 288 [1st Dept 2002]; Pimpinella v McSwegan, 213 AD2d 232, 233 [1st Dept 1995]; Bucich v City of New York, 111 AD2d 646 [1st Dept 1985]; Rebay v Tormey, 2 AD3d 826 [2d Dept 2003]; Salazar v City of New York, 302 AD2d 580, 581 [2d Dept 2003]; Aprea v Franco, 292 AD2d 478 [2d Dept 2002]; Nicastro v Park, 113 AD2d 129 [2d Dept 1985].)
Under the circumstances here, where the jury found that defendant Sarlo was negligent when she failed to yield the right-of-way before making a left turn in front of plaintiff Saldana, there was no valid line of reasoning or permissible inferences that could have led a rational jury to conclude that the defendant’s violation of Vehicle and Traffic Law § 1141 was not a substantial factor in causing the resulting collision. (See Sonaike v Jenious, 285 AD2d 457 [2d Dept 2001].)
I disagree with the majority’s determination that:
“In the posture of this case, where plaintiff was unable (or unwilling) to recall the traffic conditions, how fast he was driving, whether or not his vehicle had pulled out from the curb abutting any of the stores near the intersection immediately prior to the collision, or what, if any, evasive action he took to avoid broadsiding defendant’s vehicle, the jury logically could have concluded that plaintiff’s negligence was the sole proximate cause of the accident and rationally resolved the fact-laden causation issue in defendants’ favor.” (Majority op at 24 [citations omitted].)
This proposition impermissibly shifts the burden of proof to *29 plaintiff Saldana as to his culpable conduct and allows the jury to engage in sheer speculation by equating plaintiff Saldana’s loss of memory of the accident with anything he possibly could have done wrong, and to assess the memory loss as a substantial factor in causing the accident. A jury should not be allowed to speculate as to issues of which there is no evidence in the record. It is not necessary for plaintiff to rule out all factors that could have caused or contributed to the accident. (See Gayle v City of New York, 92 NY2d 936, 937 [1998], on remand 256 AD2d 541 [2d Dept 1998].) The burden of proving plaintiffs culpable conduct is on defendant, not plaintiff. (CPLR 1412.) The majority’s reliance on the following three cases in support of its proposition is misplaced:
Skowronski v Mordino (4 AD3d 782 [4th Dept 2004]) did not involve a party claiming loss of memory. It found defendant’s negligence was not a proximate cause of the collision, although he did not see plaintiffs vehicle as it made a left turn onto the street where he was “inching forward” from a stop sign but not yet in the intersection. Here, it was defendant Sarlo who made the left turn in front of plaintiff Saldana’s vehicle, which as indicated, was proceeding with the right-of-way.
Di Leone v Hasan (274 AD2d 410 [2d Dept 2000]) involved a plaintiff who claimed he could not recall his motorcycle colliding with defendant’s vehicle. The Court ruled the jury could have concluded on a fair interpretation of the evidence that defendant did not see the plaintiff motorcyclist where there was evidence he had pulled out from behind a parked van approximately 50 feet from the intersection where defendant had completed making a left turn, and where he collided with the right rear of defendant’s vehicle. There is no evidence or reasonable inference in the case at bar for a similar conclusion. The majority’s attempt to compare a witnessed motorcycle pulling from behind a parked van 50 feet from the point of the collision at the intersection finds no support in the instant record where there is absolutely no evidence in the record that plaintiffs car was parked on East Fordham Road, or, as the majority seems to suggest, that plaintiff Saldana’s car pulled out, unwitnessed, from behind another vehicle or obstacle, from an unknown distance to the point of impact. In Jarrett v Madifari (67 AD2d 396, 408 [1st Dept 1979]), the Appellate Division wrote, in a precomparative fault case:
“It is well recognized that the finder of fact may not speculate as to what the witness would testify to *30 had he or she been called. The rule is that the finder of fact ‘may construe the evidence already in the case most strongly against the party who might have called the witness to contradict or explain that evidence’ (Richardson, Evidence [§ 3-139 (Farrell 11th ed)] [10th ed], § 92 . . . ). As stated by the Court of Appeals: ‘where an adversary withholds evidence in his possession or control that would be likely to support his version of the case, the strongest inferences may be drawn against him which the opposing evidence in the record permits’ . . . (Noce v Kaufman, 2 NY2d 347, 353).”
Here, there is no evidentiary basis for such an inference, only defendant Sarlo’s attorney’s leading questions whether plaintiff Saldana remembered stopping or parking on East Fordham Road before the accident, all of which were answered in the negative.
Hoynacki v Cummings (127 AD2d 941 [3d Dept 1987]) involved a plaintiff motorcyclist colliding with a tractor trailer rig. The plaintiff did not testify due to retrograde amnesia. The jury’s finding of no cause of action was not set aside by the trial court, and was affirmed by the Appellate Division. Unlike the case at bar, the jury in Hoynacki had sufficient evidence from which to make a reasoned determination: testimony of defendant that he stopped at red traffic signal; slowly proceeded into the intersection in preparation to make a left turn; his turn signal was activated; intersection was clear of oncoming traffic; shifted from first to second gear; moving at approximately three to four miles an hour; noticed a blur out of the corner of his eye, several hundred feet away approaching the intersection; braked, immediately bringing the rig to a stop; within seconds, plaintiff’s motorcycle skidded 30 feet, two inches into the intersection and the stopped rig. The Court stated,
“[T]he testimony of [defendant], which the jury was at liberty to credit, buttressed by physical and documentary evidence in the form of measurements and photographs of the accident scene, confirm defense counsel’s assertion that the jury quite reasonably could have concluded that the motorcycle operator was speeding as he entered the intersection, that he failed to see the tractor trailer which was already in the process of turning, and that, although there was ample room to proceed around Cummings’ rig — while stopped the tractor trailer *31 occupied only half the southbound lane . . . —he did not do so and was injured when he skidded into the right front side of the tractor.” (127 AD2d at 942.)
These factors were not present in the case at bar. Indeed, defendant Sarlo claims there was no oncoming traffic for one block when she made her left turn; there was no evidence of skid marks; no photographs were introduced of the accident scene; and there was no evidence of speeding.
Salazar v City of New York (302 AD2d 580 [2003], supra), cited by the majority, concededly supports plaintiff’s position. Salazar did not involve a party claiming loss of memory. The Appellate Division reversed Supreme Court’s denial of plaintiffs motion to set aside the jury verdict which found defendant truck driver negligent but not the proximate cause of the accident, where after stopping at a stop sign, looking both ways, and completing 90% of his left turn, he collided with the driver’s side of plaintiffs vehicle. The Court stated that:
“Under the circumstances here, where the proof established that the defendant was negligent in failing to yield the right of way after a stop sign, there was no valid line of reasoning or permissible inferences that could have led a rational jury to conclude that the defendant’s violation of Vehicle and Traffic Law § 1142 (a) was not a substantial factor in causing the resulting collision” (at 581, citing Sonaike, supra).
The majority’s reliance upon Sawyer v Dreis & Krump Mfg. Co. (67 NY2d 328 [1986]) and Noce v Kaufman (2 NY2d 347 [1957]) are also misplaced. The issue in Sawyer was whether the trial court committed error in submitting the question of plaintiffs amnesia to the jury in the absence of expert testimony, thereby lessening plaintiffs burden of proof. Here there was no issue submitted to the jury regarding loss of memory. Indeed, there was no charge to the jury on same. In Noce, a referee, after making a finding that defendant withheld evidence in his possession or control, took the strongest inferences against him which the opposing evidence permitted. In the instant case, there was no such finding by the court and no such charge to the jury.
Defendant Sarlo’s negligent failure to yield to plaintiff Saldana’s vehicle, traveling through an intersection with the right-of-way, and failing to see his vehicle which was there to be seen could have been the sole factor in causing the accident, but was *32 certainly at least a substantial factor in causing same, thereby making the jury’s determination one which was against the weight of the evidence. (See Lagana v Fox, 6 AD3d 583 [2d Dept 2004]; Pimpinella v McSwegan, 213 AD2d 232 [1995], supra; Di Cesare v Glasgow, 295 AD2d 1007 [4th Dept 2002].)
Accordingly, the judgment should be reversed, the verdict set aside and a new trial ordered.
McCooe and Gangel-Jacob, JJ., concur; Suarez, PJ., dissents in a separate memorandum.

. Vehicle and Traffic Law § 1141 reads: “The driver of a vehicle intending to turn to the left within an intersection . . . shall yield the right of way to any vehicle approaching from the opposite direction which is within the *27 intersection or so close as to constitute an immediate hazard.” (Emphasis supplied.)

. Although the trial court initially stated at the precharge conference that it would not charge the disjunctive phrase of Vehicle and Traffic Law § 1141 (record, at 467, lines 7-17), then, after argument, indicated it would charge Vehicle and Traffic Law § 1141 in its entirety (record, at 470, line 26 — record, at 471, lines 1-11), specifically, the court stated, “I’m charging 1141 as is.” (Record, at 471, lines 10-11; emphasis supplied.) Plaintiff Saldana’s attorney’s reliance upon the court’s supposed assurance of charging the entirety of Vehicle and Traffic Law § 1141 is manifested almost immediately after the court’s omission of the disjunctive phrase, during the court’s charge to the jury. (Record, at 611, lines 6-25 — record, at 612, lines 1-9; particularly record, at 612, lines 6-7.) However, the court confirms to itself that it intended to eliminate the disjunctive phrase from the charge. (Record, at 618, lines 19-22.) The court stated, outside the hearing of the jury, “That’s how it says, so I just *28 deleted ‘it constitutes an immediate hazard’ because there has been no testimony as to — there has been testimony that the plaintiff was there already. And there wasn’t by no one — that’s the problem I have in making or constituting a hazard. That’s why that was eliminated. Aside from that any objections otherwise as to the charge?” (Record, at 619, lines 7-14.)