■ FORTY CENTRAL PARK SOUTH, INC., Appellant, v MICHAE-
LINE KISS, Also Known as MICHAELINE PAGE, Respondent, et al.,
Respondents. [835 NYS2d 132]—

Order of the Appellate Term of the Supreme Court of the
State of New York, First Department, entered on or about
October 20, 2005, which affirmed an order of the Civil Court,
New York County (Shlomo Hagler, J.), dated June 4, 2003,
directing a traverse, and an order, same court (Peter Wendt, J.),
dated February 22, 2005, sustaining the traverse and dismissing
the proceeding, unanimously affirmed, without costs.

The unverified answer was not a nullity, inasmuch as it could
have been oral (RPAPL 743), and the landlord did not assert
that it provided notice regarding the lack of verification (CPLR
3022). The mailing presumption notwithstanding (see Engel v
Lichterman, 62 NY2d 943 [1984]), the traverse court properly
made a credibility-based determination that the tenant's
testimony denying that she received a mailed copy of the notice
of petition and petition rebutted the affidavit of service, the
court aptly noting the absence of the mailing certificates and
that the landlord had failed to call a witness under its control
who might have testified in its favor (see Noce v Kaufman, 2
NY2d 347, 353 [1957]). A determination of who is entitled to
"prevailing party" status would be premature in the absence of
any determination or even a motion or application for a hearing
on the issue; we note, however, that the proceeding had been
dismissed without prejudice. Concur—Marlow, J.P., Nardelli,
Gonzalez, Sweeny and Malone, JJ.