(April 27, 2006)

■ PATRICIA BAPTISTE, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendant. [814 NYS2d 136]—

Judgment, Supreme Court, Bronx County (Bertram Katz, J.), entered July 30, 2004, which awarded plaintiff $450,000 plus interest and costs against defendants, and order, same court and Justice, entered August 27, 2004, which denied defendants' posttrial motion to set aside the jury verdict to the extent that it found defendants liable, unanimously reversed, on the law, without costs, and the posttrial motion granted. The Clerk is directed to enter an amended judgment in favor of defendants-appellants dismissing the complaint.

This is an action for personal injuries sustained by Patricia Baptiste (plaintiff) as a result of a slip and fall while boarding a bus owned and operated by the New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority (defendants). It is undisputed that it was snowing at the time of the accident and that plaintiff was a passenger on defendants' bus which got stuck in snow and slush at a bus stop in the Bronx. Plaintiff and the other passengers disembarked at the bus stop onto the sidewalk to wait for another bus. After waiting approximately 20 minutes, another bus arrived and stopped alongside the stranded bus. When plaintiff walked into the street and in front of the stranded bus to get on the second bus, she slipped and fell on the snow in the road and fractured her right elbow.

Plaintiff initiated this action alleging negligence on the part of defendants for their failure to equip the stranded bus with snow tires or snow chains, and for failing to provide plaintiff with a safe place to board the second bus. The jury found defendants liable for failing to equip the bus with proper snow tires or chains but did not find defendants negligent for failing to provide a safe place to board the replacement bus. The jury awarded plaintiff $450,000 in damages.

Defendants moved to set aside the verdict and dismiss

plaintiff's action, or alternatively, to reduce the award. Defendants argued, inter alia, that since the jury found defendants not negligent on the issue of a safe place for plaintiff to board the replacement bus, it was inconsistent to find that defendants' failure to install snow tires on the disabled bus was a substantial factor in causing plaintiff's injuries. Defendants further argued that the manner in which the slip and fall happened was so attenuated from the alleged act of negligence that the failure to install snow chains or tires cannot be deemed a substantial factor in causing the accident. The trial court denied the motion.

For the reasons set forth below, we reverse, grant defendants' motion to set aside the verdict to the extent that the jury found defendants negligent in failing to equip the bus with snow chains and tires, and thus dismiss the action against them.

In order to establish negligence, plaintiff is required to prove the existence of a duty, that is, a standard of reasonable conduct in relation to the risk of reasonably foreseeable harm (*see Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]); a breach of that duty and that such breach was a substantial cause of the resulting injury (*see Merino v New York City Tr. Auth.*, 218 AD2d 451, 457 [1996], *affd* 89 NY2d 824 [1996]).

In ascertaining whether a defendant's conduct constitutes a substantial factor in bringing about the harm of which the plaintiff complains, consideration should be given to: the aggregate number of factors involved which contribute toward the harm and the effect each had in producing it; whether the defendant had created a continuous force active up to the time of the harm, or whether the situation was affected by other forces for which the defendant was not responsible; and the lapse of time (*see e.g. Toyos v City of New York*, 304 AD2d 319 [2003]).

On appeal, defendants properly argue that plaintiff failed to prove that defendants have a duty to put snow tires or chains on buses in snowstorms. Defendants also correctly assert that even if such duty existed, the alleged negligent act of failing to put snow chains or tires on the bus was not a substantial factor in causing plaintiff's slip and fall as she walked to the replacement bus.

Plaintiff simply did not introduce any evidence that snow tires are ever used on city buses, or that the normal tires are inadequate for snow conditions. Nor was there any evidence that chains were ever used or that they were useful on city buses. Indeed, the only evidence as to snow tires was that city buses never use them, and the only evidence as to chains was that it is physically possible to put them on the wheels of a bus.

Setting aside defendants' contention that it would be manifestly impractical and, indeed, unfeasible to pull all city buses off the streets to be outfitted with chains as soon as snow is forecast, plaintiff did not introduce any evidence to show that chains would have prevented the bus from becoming stuck in the snow. Consequently, the jury's verdict that defendants were negligent in not so equipping their buses was based entirely and improperly on speculation (see *Kane v Estia Greek Rest.*, 4 AD3d 189 [2004]).

In any event, even if defendants had such a duty, its breach was not a substantial factor in, or proximate cause of plaintiff's injuries as she walked to the replacement bus. Plaintiff had disembarked from the first bus at least 20 minutes prior to her fall. She was not struck by a bus that did not have snow tires or chains (*cf. Andrews v Cayuga Omnibus Corp.*, 261 NY 522 [1933]), nor did her injuries result from the bus becoming involved in an accident due to a failure to have snow tires installed on the bus.

Moreover, the mere fact that the bus had come to a purportedly negligent stop is not a proximate cause of a subsequent accident remote from that stop (see *Sheehan v City of New York*, 40 NY2d 496, 501 [1976] [evidence of negligence is not enough to establish liability; negligence must also be the cause of the event which produced the harm sustained]). In this case, the claimed negligence, i.e., failing to equip the bus with snow tires or chains, would have merely furnished the condition or occasion for the bus to become stranded; it was not the cause of plaintiff's subsequent slip and fall (see *id.; see also Whitehead v Reithoffer Shows*, 304 AD2d 754 [2003]).

The fact that plaintiff would not have gotten off the bus and slipped and fallen but for the bus becoming stranded in the first place is not a sufficient basis for imposing liability (see *Loder v Greco*, 5 AD3d 978 [2004]). Defendants discharged any relevant duty they had to plaintiff by providing her a safe place to alight from the stranded bus. In *Blye v Manhattan & Bronx Surface Tr. Operating Auth.*, this Court held that "a common carrier's duty of care to an alighting passenger is to stop at a place where the passenger can alight safely and towards that end to exercise reasonable and commensurate care in view of the dangers to be apprehended" (124 AD2d 106, 109 [1987] [internal quotation marks omitted], *affd* 72 NY2d 888 [1988]; see also *Diedrick v City of New York*, 162 AD2d 496 [1990]).

In this case, plaintiff alighted safely and waited in safety for another bus for 20 minutes after alighting. Thus, defendants fulfilled their duty to plaintiff. We do not address the issue of

defendants' duty to provide a safe place for plaintiff to board since the jury determined that defendants had met this duty. Consequently, we find that defendants breached no duty of care to plaintiff. Concur—Tom, J.P., Friedman, Sullivan, Catterson and Malone, JJ.