■ SUZANNE A. GUACCI, Respondent, v OGDEN BROS. COLLISION, INC., et al., Appellants, and DANIELLE VIRGIL, Respondent, et al., Defendant. [834 NYS2d 521]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 11, 2006, which denied the motion of defendants Ogden Bros. Collision and Lynch for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Ogden and Lynch dismissing the complaint as against them.

Lynch's parking at an accident scene to tow a disabled vehicle was not one of the causes of the accident, but merely furnished the instrumentality by which plaintiff was injured when defendant Virgil's car hit Lynch's tow truck, causing the tow truck, in turn, to hit plaintiff (*see Sheehan v City of New York*, 40 NY2d 496, 503 [1976]). It is also clear that defendant Virgil's negligence was the sole proximate cause of plaintiff's injuries (*see id.; see also Baptiste v New York City Tr. Auth.*, 28 AD3d 385, 387 [2006]).

Plaintiff identified no facts in the record possibly demonstrating that Ogden had failed to make appropriate inquiries upon hiring Lynch, or that Ogden had notice of any allegedly negligent conduct by Lynch while he was an employee of Ogden. As a result, the cause of action for negligent hiring and retention should have been dismissed (*see Honohan v Martin's Food of S. Burlington*, 255 AD2d 627 [1998]). Concur—Friedman, J.P., Nardelli, Gonzalez, McGuire and Malone, JJ.