■ JANE KULAYA, Respondent, v METROPOLITAN TRANSIT AUTHORITY BUS COMPANY et al., Appellants. [918 NYS2d 443]—

Plaintiff was injured when she fell on the stairs of a bus, owned by defendant MTA and operated by defendant L.E. Clayborne, while attempting to disembark. Plaintiff was 71 at the time of the incident and used a walker. She alleges that after the bus operator told her that she could not use her walker upon entering the bus, she requested that the bus operator lower the "lift" upon which she could wheel her walker and then be raised up into the bus. At her deposition and the statutory hearing plaintiff testified that the bus operator stated either that the bus did not have a lift or that it was not working.

Defendant bus operator testified at her deposition that plaintiff never asked to use the hydraulic wheelchair lift that was located in the middle of the bus. For the first time on appeal, defendants contend that the "lift" plaintiff referred to throughout her deposition testimony and in her pleadings and motion papers and to which defendants referred throughout their own motion papers, is two different pieces of equipment. Whether there was a misunderstanding among plaintiff, plaintiff's grand-niece and the bus operator as to which piece of equipment the bus was equipped with and which piece of equipment plaintiff requested, constitutes an issue of fact which cannot be resolved on a motion for summary judgment. If all the parties are indeed referring to the hydraulic wheelchair lift, then issues of fact exist as to whether plaintiff asked to use the wheelchair lift and, if so, whether the operator refused her request. At this juncture, it cannot be concluded, as a matter of law, that defendants did not breach their duty, as a common carrier, to exercise reasonable care under all of the circumstances of this particular case (see Bethel v New York City Tr. Auth., 92 NY2d 348, 356 [1998]).

If defendants were negligent in failing to provide plaintiff with access to the lift, thus forcing her to use the steps, the only

other means of egress, a trier of fact may conclude that their conduct constituted a substantial factor in bringing about the harm to plaintiff, and thus, their negligence was the proximate cause of her injuries (*see Baptiste v New York City Tr. Auth.*, 28 AD3d 385 [2006]). Defendants' claim that plaintiff fell on the floor of the bus before even getting to the steps due to the narrowness of the aisle is contradicted by plaintiff's deposition testimony and testimony at the statutory hearing, as well as by the deposition testimony of defendant bus operator. Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.