■ MATTHEW ORENS, an Infant by His Father and Natural Guardian PERRY A. ORENS, et al., Respondents, v MARTIN SECOFSKY, an Infant, by His Father and Natural Guardian, ABRAHAM SECOFSKY, et al., Appellants, and COVIELLO TRUCKING COMPANY et al., Respondents. (And a Second Action.)— In consolidated negligence actions to recover damages for personal injuries, etc., defendants Secofsky appeal from an interlocutory judgment of the Supreme Court, Nassau County, dated April 4, 1977, which, *inter alia,* is in favor of (1) plaintiffs Orens and against them and (2) defendants Martinez and Coviello Trucking Co. and against them, after a jury trial limited to the issue of liability only. Interlocutory judgment affirmed, with costs to respondents Martinez and Coviello Trucking Co. payable by appellants. In affirming we note that no exceptions were taken to the charge of the court, nor were any requests made as to the issues herein discussed. Indeed the parties, by their attorneys, stipulated to submit written interrogatories to the jury, which give rise to these remarks. The case involved a collision between two motor vehicles. One was proceeding south and the other, a truck, was preparing to turn left into the path of the oncoming vehicle. At the conclusion of its charge, the court submitted written interrogatories to the jury as to each driver defendant. In each instance, two questions were presented: "1. Was the defendant negligent? 2. Was his negligence the

proximate cause of the accident?" As to the driver of the car, the jury (5 to 1) answered that he was negligent and that his negligence was a proximate cause of the accident. As to the truck operator, the jury (5 to 1) answered that he was negligent, but that his negligence was not a proximate cause of the accident. One disquieting factor in the answers was that a different juror dissented in each instance. Under the factual circumstances of the case, as we view it, there could have been no negligence on the part of either operator, unless that negligence was *the* or *a* proximate cause of the accident. However, having charted their own course, the parties cannot now be heard to complain of the result (see *Cullen v Naples,* 31 NY2d 818; *Stevenson v News Syndicate Co.,* 302 NY 81; *Matter of Malloy,* 278 NY 429). We are of the opinion that the two questions propounded to the jury as to each operator should have been telescoped into one in each instance. Latham, J. P., Damiani, Cohalan and O'Connor, JJ., concur.