■ LUTHER GUIDRY, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from: (1) an order of the Supreme Court, Westchester County (Marbach, J.), entered June 9, 1986, which (a) granted the defendant's oral motion to set aside the jury's verdict on liability, (b) denied the plaintiff's oral cross motion for entry of judgment in accordance with the verdict and (c) ordered a new trial, and (2) an order of the same court entered September 29, 1986, which denied the plaintiff's motion to vacate an oral order of the same court dated June 26, 1986, which upon the plaintiff's failure to proceed with the new trial of the action, dismissed the action.

Ordered that the order entered June 9, 1986, is affirmed; and it is further,

Ordered that the order entered September 29, 1986 is reversed, and the plaintiff's motion to vacate the order dismissing the action is granted; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff was injured while riding a motorcycle in Mount Vernon, when he was pulled from his motorcycle by a telephone wire which was hanging across the street at a height of approximately four feet. The wire had been dislodged from its moorings by a truck which had driven down the block less then 30 minutes earlier. It appears that this wire had previously been hung by the defendant at a height below that which it should have been, thus enabling the passing truck to strike it, pulling it further toward the street. The plaintiff apparently ignored the warnings of a resident on the block who, upon becoming aware of the downed line,

placed 2 or 3 trash cans across the street to block oncoming traffic, and who further vainly attempted to wave down the approaching plaintiff.

After trial, the jury returned a special verdict with written interrogatories finding that the defendant was negligent and that its negligence was a proximate cause of the accident. The jury further found that the plaintiff was "negligent for his own safety" but that his negligence was not a proximate cause of the accident. The court granted the defendant's oral motion to set aside the verdict and ordered a retrial. When the court reconvened for the retrial, approximately 1½ months after the end of the first trial, the plaintiff was not prepared to proceed. The court denied the plaintiff's oral motion for an adjournment, and dismissed the action. The plaintiff's subsequent motion to vacate the dismissal and restore the action to the Trial Calendar was denied.

The court was correct to set the verdict aside. Under the facts of this case, the plaintiff's "negligence for his own safety" must have been a proximate cause of the accident (Orens v Secofsky, 60 AD2d 866). As such, the jury could not have reached the verdict that the plaintiff's negligence was not a proximate cause of the accident upon any fair interpretation of the evidence (see, Nicastro v Park, 113 AD2d 129). Accordingly, the court properly set aside the verdict and ordered a new trial (see, CPLR 4404 [a]). However, the denial of the plaintiff's motion to vacate the order dismissing the action due to the plaintiff's failure to proceed with the new trial was an abuse of discretion. The action was dismissed upon the failure of the plaintiff's attorney to proceed with the selection of a jury on June 26, 1986, which was the trial date set by the court upon granting the defendant's motion to set aside the verdict. However, the application by the plaintiff's attorney for an adjournment of the trial, made on June 26, was supported by a reasonable excuse for his inability to proceed with the trial at the time, and the court acted arbitrarily in denying this application and then in dismissing the action when counsel stated that he would be unable to proceed to trial on the following day. Moreover, the defendant did not oppose the plaintiff's oral application for an adjournment and indeed later stipulated to the vacatur of the court's oral dismissal. Thus, under the circumstances, the court should have granted the plaintiff's motion (cf., Balogh v H. R. B. Caterers, 88 AD2d 136; CPLR 5015 [b]). Kunzeman, J. P., Eiber, Harwood and Balletta, JJ., concur.