■ HERBAL MANAGEMENT CORP., Appellant, v ALBERTA E. COLE, Respondent.—In an action for the specific performance of a contract for the sale of real property, the plaintiff appeals from so much of a judgment of the Supreme Court, Kings County (Scholnick J.), entered January 6, 1987, as denied it an abatement of the purchase price of the subject property and other ancillary relief.

Ordered that the judgment is affirmed, insofar as appealed from, without costs or disbursements.

Although under the facts of this case the plaintiff was legally entitled to an abatement of the purchase price of the realty which was partially destroyed prior to closing, in addition to specific performance *(see, Lucenti v Cayuga Apts.,* 48 NY2d 530), our review of the record indicates that the plaintiff waived this legal right. While not technically a consent judgment from which no appeal lies *(see, e.g., Nayman v Remsen Apts.,* 125 AD2d 378, 382, *lv denied* 70 NY2d 601), the instant judgment was clearly reached with the assent of the plaintiff. Indeed, the plaintiff placed the terms of the then-proposed judgment on the record without objecting. Moreover, these very terms were virtually identical to those which were included in the plaintiff's standing offer of settlement which was imprudently rejected by the defendant, then appearing *pro se.* Given the protracted nature of this litigation, the court's judgment most equitably and expeditiously terminated this matter. This disposition was in accord with the plaintiff's proffered proposals; "having charted their own course, the parties cannot now be heard to complain of the result" *(Orens v Secofsky,* 60 AD2d 866, 867; *see also, Cullen v Naples,* 31 NY2d 818, 820). Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.