■ ERIC ELLIOTT, Respondent, v CITY OF NEW YORK, Appellant.—Judgment, Supreme Court, New York County (James N. White, J.), entered June 12, 1987, upon a jury verdict in favor of plaintiff in the sum of $1,500,000, unanimously modi-

fied, on the law and the facts, to the extent of remanding the matter for a new trial on the issue of apportionment of liability and, as so modified, otherwise affirmed, without costs.

At 4:30 A.M. on November 8, 1982, plaintiff was driving his mother's 1967 Ford pickup north along Route 28A, a two-lane, city-maintained road bordering the Ashokan Reservoir in Ulster County. Spotting a deer running through the woods from his right to his left and about to cross the roadway, plaintiff swerved off the roadway to the left, then turned the steering wheel to the right in an attempt to regain the roadway before striking the blunt or "boxing glove" end of a guardrail which ran along the left side of the road. As a result of the accident, plaintiff suffered severe personal injuries, requiring hospitalization for four months and 10 operations.

In answer to special interrogatories, the jury found the city negligent with respect to the design or construction of the guardrail and the plaintiff negligent with respect to his operation of the pickup truck. However, it found that plaintiff's negligence was not a substantial or material cause of his injuries and, in accordance with the trial court's instructions, declined to apportion culpability or fault between plaintiff and the city.

CPLR article 14-A (eff Sept. 1, 1975), which adopted the doctrine of comparative negligence in this State, uses the phrase "culpable conduct" instead of "negligent conduct". In order for the statute to operate, plaintiff's conduct, whether negligent or not, must be a cause in fact of his or her injury. "When it is, the statute 'requires that the culpable conduct attributable to the decedent or claimant [or, in this case, plaintiff] be compared with the total culpable conduct which caused the damages' " (*Arbegast v Board of Educ.*, 65 NY2d 161, 169, quoting 21st Ann Report of NY Jud Conf [1976], at 242).

Clearly, plaintiff's negligent departure from the roadway was a cause in fact of the impact with the guardrail and his resultant injuries (*see, Clark v State of New York*, 124 AD2d 879, 880). It was only through plaintiff's operation of the vehicle that he was placed in a position to be harmed by the negligence of the city in its design and construction of the guardrail (*see, Olson v State of New York*, 139 AD2d 713, 716) and the manner in which the truck was operated at the time had to be a proximate producing cause of the accident.

"That [plaintiff's] injuries would have been minimal but for the [city's] negligence * * * is of no moment. It was only

through [plaintiff's] negligence that [he] was placed in a position to be harmed by the negligence of the [city]. This was sufficient for comparative negligence to apply, even if [plaintiff] would not have suffered *any* harm, but for the [city's] fault" *(Clark v State of New York, supra,* at 881).

We have examined the city's other points and find them to be unpersuasive. Nevertheless, since we find the jury's failure to apportion liability to be against the weight of the evidence, a new trial for that purpose is mandated. *(Cohen v Hallmark Cards,* 45 NY2d 493, 498.)￼ Concur—Kupferman, J. P., Sullivan, Ross, Kassal and Rosenberger, JJ.