■ JOHNNY CHAN, an Infant, by His Natural Parents, YU SUM CHAN and Another, et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.—In a negligence action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), entered August 10, 1988, which, upon a jury verdict, is in favor of the plaintiff Johnny Chan and against it in the principal sum of $4,009,849.34 for personal injuries, is in favor of the plaintiff Yu Sum Chan, and against it on the principal sum of $334,000 for loss of services, and is in favor of the plaintiff Kam Chi Chan and against it in the principal sum of $334,000 for loss of services.

Ordered that the judgment is reversed, on the law and the facts, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issues of apportionment of fault and damages for loss of earnings and loss of services, without costs or disbursements. The findings of fact that the defendant was at fault in the happening of the accident and that the infant plaintiff sustained damages of $289,849.34 for medical expenses, $1,200,000 for custodial care, $120,000 for rehabilitation services, and $400,000 for pain and suffering, are affirmed.

The record demonstrates that the infant plaintiff sustained severe and permanent injuries, including physical paralysis and mental impairment, after falling on a patch of ice while playing touch football in a schoolyard at one of the defendant's schools. The injury occurred at approximately 8:15 A.M. on November 20, 1984. It was further established that teachers from the school began supervising the children in the schoolyard at 8:30 A.M. until the commencement of the school day at 8:40 A.M. However, school officials were aware that students congregated and played in the yard as early as 7:30 A.M. on school days.

After a trial which included testimony by the plaintiffs, various experts and school officials, the jurors found that the defendant was negligent both in failing to maintain the schoolyard in a reasonably safe condition and in permitting unsupervised play in the schoolyard on the date in question. Each of these acts of negligence was found to have been a proximate cause of the accident. The jurors also concluded that the infant plaintiff assumed the risk of falling by playing

football in the icy schoolyard, but that this assumption of risk was not a proximate cause of his injury. The infant plaintiff received a total damages award of the principal sum of $4,009,849.34 for his injuries, while each of his parents was awarded the principal sum of $334,000 for loss of services.

We agree with the plaintiffs that there was sufficient evidence to present both theories of the defendant's negligence to the jury (see, Toure v Board of Educ., 127 AD2d 759), and that the verdict rendered with respect to each theory was not against the weight of the evidence. Accordingly, we affirm the finding of fact that the defendant was at fault in the happening of the accident. However, we must nevertheless remit the matter for a new trial on the issue of apportionment of fault. The jury's failure to apportion fault between the infant plaintiff and the defendant was erroneous as a matter of law. Having determined that the infant plaintiff assumed the risk of injury by participating in a football game on a visibly icy asphalt surface, the jury should have concluded under the facts of this case that the infant plaintiff's actions were also a proximate cause of his injuries (see, Elliot v City of New York, 145 AD2d 386; Guidry v New York Tel. Co., 138 AD2d 349; Orens v Secofsky, 60 AD2d 866). Accordingly, the jury's failure to apportion fault requires that a new trial be held as to that issue so that the percentages of comparative fault may be fixed.

Additionally, we note that the damages awarded to the plaintiffs for loss of earnings and loss of services are excessive and contrary to the weight of the evidence presented at the trial. Inasmuch as we are directing that a new trial be held on the question of the apportionment of fault, we conclude that a retrial of those damages is also appropriate. The findings of fact with respect to damages for medical expenses, custodial care, rehabilitation services, and pain and suffering are appropriate, and are affirmed. Thompson, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.