■ TYMAR MANAGEMENT COMPANY, Respondent, v A.V. MIRISIO, INC., Appellant.—In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties pursuant to a lease, the defendant tenant appeals from an amended judgment of the Supreme Court, Westchester County (Coppola, J.), entered November 13, 1989, which, after a nonjury trial, fixed the rent owed by the defendant tenant at $13.41 per square foot per annum, and awarded the plaintiff the principal sum of $10,799.25 for rent arrears.

Ordered that the amended judgment is affirmed, without costs or disbursements.

On appeal, the defendant tenant, A.V. Mirizio, Inc. (hereinafter Mirizio), contends that the Supreme Court erred in its interpretation of a lease between it and its landlord, the plaintiff, Tymar Management Company (hereinafter Tymar). In its decision entered June 29, 1989, the Supreme Court held that the only reasonable interpretation of a provision of the lease which permitted Tymar to raise the rent based upon analysis of market rent "is that the parties intended the landlord's analysis to be an averaging of rents being charged". Mirizio waived its legal right to contest this finding, since it was reached with its assent. Indeed, Mirizio proposed the very method for determination of market rent which the court

adopted in its decision, and the disposition was in accord with Mirizio's proposals. Mirizio cannot now be heard to complain of the court's interpretation of the lease, when it proposed such an interpretation (see, Herbal Mgt. Corp. v Cole, 142 AD2d 553, 554; Orens v Secofsky, 60 AD2d 866, 867).

Further, a judgment of the City Court of Yonkers dated April 29, 1987, dismissing a summary eviction proceeding commenced by Tymar against Mirizio did not preclude the Supreme Court, on the ground of res judicata, from raising the rent. Although issues legitimately determined in a summary proceeding are entitled to issue preclusion effect (see, Siegel, NY Prac § 469, at 717 [2d ed]), the judgment of the City Court and the determination of the Supreme Court were in no way inconsistent. The City Court merely ruled that Tymar failed to establish a right to immediate possession of the leased premises.

Additionally, Mirizio's argument regarding the award to Tymar of rent arrears back to September 1, 1986, is without merit. The lease between the parties provided for an increase of rent as of September 1, 1986, according to the market rent at that time. The lease in no way provided that the rent increase would be delayed in the event that the parties could not agree on an increase.

The remaining issues are without merit (see, Real Property Law § 232-b; CPLR 5001 [b]). Mangano, P. J., Rosenblatt, Ritter and Copertino, JJ., concur.