■ Sylvia E. Toyos et al., Respondents, v City of New York, Appellant, et al., Defendants. [758 NYS2d 19] —Order, Supreme Court, Bronx County (Paul Victor, J.), entered May 7, 2001, which granted plaintiffs' motion to set aside the jury verdict and directed a new trial unless, inter alia, defendant City agreed to accept 15% of the fault for plaintiffs' injuries, unanimously affirmed, without costs.

The record amply supports the jury's finding that plaintiffs sustained their injuries in a collision caused in part by the City's negligent failure to provide turnouts or other places of refuge for disabled cars on the Harlem River Drive above 164th Street. Five years before the accident, the City had received a study recommending that shoulders be added to this section of the Harlem River Drive, and even the City's engineer admitted that the absence of a shoulder or other place of refuge created an unsafe traffic condition.

However, the jury's finding that the lack of a roadway shoulder or turnouts was not a substantial factor in causing plaintiffs' injuries is contrary to the weight of the evidence, and indeed inconsistent with the finding of negligence on the part of the City, and was thus properly set aside by the trial court (see Yalkut v City of New York, 162 AD2d 185, 188 [1990]; see also Pimpinella v McSwegan, 213 AD2d 232, 233 [1995]; Brecht v Copper Sands, 237 AD2d 907 [1997]). We reject the City's argument that the jury could have found that the City's

negligence in failing to construct a shoulder or turnouts was superseded by plaintiffs' negligence in attempting to change a flat tire in the middle of a highway, where the jury also found that plaintiffs' negligence was not a substantial factor in causing their injuries and apportioned 0% fault to them. Moreover, when "the intervening act is a natural and foreseeable consequence of a circumstance created by defendant, liability will subsist" (*Kush v City of Buffalo*, 59 NY2d 26, 33 [1983], citing, inter alia, *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980]). Here, the weight of the evidence, as well as common sense, shows that a disabled car stopped in the middle of a highway is a natural and foreseeable consequence of the lack of a shoulder or turnouts, and plaintiffs' attempt to change the tire, if imprudent, was not so extraordinary as to break the chain of causation.

To be sure, the jury's finding that the City was negligent could be reconciled with its finding that such negligence was not a proximate cause of the accident on the basis that the negligence of the driver who crashed into plaintiffs' disabled car was the sole superseding cause of the accident. Indeed, it appears that this is precisely what the jury found, as indicated by its apportionment of 100% fault to that driver. However, "[a]n intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the very same risk which renders the actor negligent" (*Derdiarian*, 51 NY2d at 316). Here, a natural and foreseeable consequence of the lack of a shoulder or turnouts is that a disabled car would stop in the middle of the highway, and a natural and foreseeable consequence of a car stopped in the middle of a highway is that another car would crash into it. Concur—Nardelli, J.P., Sullivan, Friedman, Marlow and Gonzalez, JJ.