(August 28, 2003)

■ EDMUND McCOLLIN, JR., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [764 NYS2d 40] —Judgment, Supreme Court, Bronx County (Louis Benza, J.), entered on or about February 20, 2002, which, after a jury trial, awarded plaintiff $400,000 for past and future pain and suffering, with interest, costs and disbursements, unanimously reversed, on the law and the facts, without costs, and the matter remanded for a new trial, unless plaintiff stipulates, within 20 days of service of a copy of this order with notice of entry, to attribute 25% of the fault for his injuries to his own negligence and to reduce the award of damages accordingly pursuant to CPLR article 14-A, and to entry of an amended judgment in accordance therewith.

Plaintiff, a telephone company employee, was dispatched to a building owned by defendant New York City Housing Authority (NYCHA) to set up jacks and wiring for a new intercom system. Upon entering the building's cellar to perform his work, plaintiff attempted to turn on the lights by flipping a switch near the door, but that switch failed to function. Rather than leaving the cellar to retrieve his flashlight (which he admitted at trial would have been "a reasonable and prudent thing to do"), plaintiff then proceeded into the darkened cellar, searching for another light switch by feeling his way along the wall. When plaintiff found another light switch, it also proved to be nonfunctional. At that point, plaintiff had walked approximately 40 to 50 yards into a cellar that was so dark he "couldn't see anything," including the floor below his feet. Concluding that the situation was "unworkable," plaintiff began walking back through the darkened cellar toward the door. Along the way, plaintiff lost his footing and fell, apparently as he passed over the uneven border between two adjoining concrete slabs

in the cellar floor. At the trial of this action, the jury determined that both NYCHA and plaintiff had been negligent, but further determined that only NYCHA's negligence had been a substantial factor in causing the accident.

We find that the jury's findings concerning plaintiff's negligence and proximate cause are irreconcilably inconsistent, and therefore reverse the judgment and remand for a new trial, unless plaintiff stipulates to entry of an amended judgment as indicated. This is a case in which the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause (see *Lora v City of New York*, 305 AD2d 171, 172 [2003], citing *Kovit v Estate of Hallums*, 261 AD2d 442, 443 [1999]). The jury found that plaintiff had been negligent in deliberately choosing to walk into the darkened cellar without bringing along the flashlight that was available to him. We see no valid basis on which the jury, having found that plaintiff had thus acted negligently with regard to the risk of losing his footing while walking through the cellar, could have concluded that such negligence was not a substantial factor in causing his subsequent fall on an unseen flaw in the cellar floor. Since the finding of plaintiff's negligence is irreconcilably inconsistent with the concurrent finding that such negligence was not a proximate cause of his injuries, the judgment attributing all fault for the accident to NYCHA cannot stand (see *Lora v City of New York, supra*; *Kovit v Estate of Hallums, supra*; *Pimpinella v McSwegan*, 213 AD2d 232, 233 [1995]; *Petioni v Grisi*, 155 AD2d 366 [1989]; *Elliott v City of New York*, 145 AD2d 386, 387 [1988]; *Guidry v New York Tel. Co.*, 138 AD2d 349, 350 [1988]; *Bucich v City of New York*, 111 AD2d 646, 647-648 [1985]; see also *Streich v New York City Tr. Auth.*, 305 AD2d 221 [2003]; *Toyos v City of New York*, 304 AD2d 319 [2003]).

We have considered NYCHA's remaining arguments and find them unavailing. Concur—Buckley, P.J., Rosenberger, Lerner, Friedman and Gonzalez, JJ.