■ RICKY BARNES, Plaintiff, v NEW YORK MERCANTILE EXCHANGE, INC., et al., Defendants. AJ CONTRACTING COMPANY, INC., Third-Party Plaintiff-Appellant, v FOREST DATACOM SERVICES INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Other Actions.) [769 NYS2d 224]—

Judgment, Supreme Court, New York County (Paula Omansky, J.), entered March 19, 2002, which, insofar as appealed from as limited by the briefs, dismissed the third-party complaint of defendant and third-party plaintiff AJ Contracting Company, Inc. (AJ) as against third-party defendant Forest Datacom Services Inc. (Forest), unanimously reversed, on the law, without costs, and AJ granted contractual indemnity against Forest. The Clerk is directed to enter an amended judgment in accordance herewith.

AJ, the general contractor for the project on which plaintiff was working when he was injured, is entitled, under article 9.3 of the general conditions of the subcontract, to be indemnified by Forest, the subcontractor that employed plaintiff, for AJ's stipulated settlement payment to plaintiff. Article 9.3 obligates Forest to indemnify AJ against all loss "arising out of, or in any way relating to the performance of this Contract, and [Forest] agrees to provide and maintain insurance thereon." Forest's argument that the matter is governed by a 1983 blanket purchase order agreement, containing a more limited indemnity provision, is unavailing, as the record does not contain sufficient evidence to support the conclusion that the blanket purchase order agreement, which predates the subcontract in question by 13 years, was still in force at the relevant time. We also reject Forest's argument that plaintiff's accident was not contract-related. Finally, General Obligations Law § 5-322.1 is not an obstacle to enforcement of the subject indemnity agreement, both because the jury found that AJ's negligence was not a substantial factor in the causation of the accident, and because enforcement of an indemnity agreement coupled with the obligation to procure liability insurance does not offend the statute (see *Santamaria v 1125 Park Ave. Corp.*, 238 AD2d 259, 260 [1997], and authorities therein cited).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Saxe, J.P., Rosenberger, Friedman and Marlow, JJ.