■ RICKY BARNES, Plaintiff, v NEW YORK MERCANTILE EXCHANGE, INC., et al., Defendants. AJ CONTRACTING COMPANY, INC., Third-Party Plaintiff-Appellant, v FOREST DATACOM SERVICES INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Other Actions.) [776 NYS2d 559]—

Judgment, Supreme Court, New York County (Paula J. Omansky, J.), entered March 19, 2002, which, insofar as appealed from as limited by the briefs, dismissed the third-party complaint of defendant and third-party plaintiff AJ Contracting Company, Inc. (AJ) as against third-party defendant Forest Datacom Services Inc. (Forest), unanimously reversed, on the law and the facts, without costs, and the matter remanded for a new trial solely on the issue of whether any negligence by AJ was a proximate cause of plaintiff's injuries.

While plaintiff was working on a construction project, he slipped on debris, fell and was injured. Prior to trial, AJ, the general contractor for the project, settled with plaintiff, conceding that it was liable under Labor Law § 241 (6), regardless of actual fault, for the failure to keep the work area free from debris. The matter then went to trial on, among other claims, AJ's third-party claim for contractual indemnification against Forest, the subcontractor that had employed plaintiff. The jury found, inter alia, that both AJ and Forest had been negligent, but further found that neither party's negligence had been a substantial factor in causing plaintiff's accident. The trial court denied Forest's motion to set aside the verdict insofar as it

found that AJ's negligence had not been a substantial factor in causing the accident. Nonetheless, the trial court refused to grant AJ contractual indemnification against Forest, based on the court's view that, under the indemnification provision it deemed applicable, AJ was entitled to indemnification from Forest only for losses caused by Forest's negligence.

AJ now appeals from the judgment dismissing its claim for contractual indemnification, arguing that we should reverse and grant it judgment for such indemnification. Although we reverse the judgment in favor of Forest, we cannot, on this record, grant judgment in favor of AJ. Rather, for the reasons discussed below, we find it necessary to remand for a new trial.

Initially, article 9.3 of the subcontract provides, in pertinent part, that Forest is obligated to indemnify AJ against all loss "arising out of, or in any way relating to the performance of this Contract." Under this provision, insofar as enforceable under General Obligations Law § 5-322.1 (as more fully discussed below), AJ is entitled to be indemnified for any loss arising out of, or relating to, Forest's work, whether or not such loss was caused by any negligence on Forest's part. We find unavailing Forest's arguments to the effect that article 9.3 was improperly admitted into evidence, that article 9.3 is inapplicable by its terms, and that plaintiff's accident was not contract-related. Similarly unavailing is Forest's argument that the matter is governed by the more limited indemnification provision of a 1983 blanket purchase order agreement, since the record does not contain sufficient evidence to support the conclusion that the blanket purchase order agreement, which predates the subcontract in question by 13 years, was still in force at the relevant time. Even if there were evidence that the blanket purchase order agreement was still in force, article 2.5 of the subcontract provides that, in the event of a conflict between the terms of the various contractual documents, "the document imposing the greater duty on the Subcontractor [in this case, article 9.3] shall control."

For the forgoing reasons, and contrary to the view of the trial court, the jury's verdict exonerating Forest on the issue of proximate cause has no bearing on the issue of AJ's entitlement to contractual indemnification from Forest. The subcontract's indemnification provision cannot be enforced under General Obligations Law § 5-322.1, however, in the event any negligence by AJ was a proximate cause of plaintiff's injuries (*see Cavanaugh v 4518 Assoc.*, 9 AD3d 14 [2004]). On this issue, a new trial is required, since the jury's findings concerning AJ's negligence and proximate cause are ir-

reconcilably inconsistent. Specifically, AJ's alleged negligence lay in its alleged failure to keep the work area clear of debris, while plaintiff's injuries resulted precisely from a slip and fall on debris. Thus, this is a case in which the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find AJ negligent without also finding such negligence to have been a proximate cause of the accident (*see e.g. McCollin v New York City Hous. Auth.*, 307 AD2d 875, 876 [2003]; *Lora v City of New York*, 305 AD2d 171, 172 [2003]; *Kovit v Estate of Hallums*, 261 AD2d 442, 443 [1999]). Accordingly, Forest's motion to set aside the verdict insofar as it exonerated AJ on the issue of proximate cause should have been granted to the extent of setting aside the jury's findings as to both negligence and proximate cause with regard to AJ.

We have considered the parties' remaining arguments for affirmative relief and find them unavailing.

Reargument granted and, upon reargument, the decision and order of this Court entered herein on December 9, 2003 (2 AD3d 184) is hereby recalled and vacated. Concur—Saxe, J.P., Williams, Friedman and Marlow, JJ.