■ Davin Dessasore, Respondent-Appellant, v New York City Housing Authority, Appellant-Respondent. [895 NYS2d 44]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered March 20, 2009, which denied defendant's posttrial motion to set aside the jury's verdict on liability, granted both parties' motions to set aside the damages award and directed a new trial on damages, modified, on the law, defendant's motion to

set aside the liability verdict granted and the matter remanded for a new trial of all the issues, and otherwise affirmed, without costs.

Plaintiff seeks damages for injuries he sustained when he fell down a stairway in defendant's building after tripping on a handrail that had partially come loose from the wall and was resting at the top of the steps. At trial, plaintiff conceded that he was looking straight ahead at the time of the accident and had not reached for the handrail before commencing his descent on the stairway. There was evidence that plaintiff may have been talking on his cell phone at the time of the accident. The jury found that both plaintiff and defendant were negligent but that plaintiff's negligence was not a substantial factor in causing his injuries. It awarded plaintiff $5 million for past pain and suffering and nothing for medical expenses or future pain and suffering.

The jury's award of zero damages for medical expenses and future pain and suffering cannot be explained rationally, given the extent of plaintiff's injuries and the evidence of permanence. As the trial court found, the jury either did not understand the court's instructions on damages or did not follow them. The court properly declined to speculate as to the jury's thinking, and directed a new trial on damages.

We would go further. Although defendant's challenge to the verdict on liability as inconsistent is unpreserved because it was not raised before the jury was discharged (*see Barry v Manglass*, 55 NY2d 803 [1981]), portions of the verdict are indisputably irrational, not only with respect to the anomalous damages award, but also with respect to the issue of liability. Accordingly, we consider the matter in the interest of justice (CPLR 4404 [a]). The jury's finding of liability is irreconcilably inconsistent. As noted, there was evidence that plaintiff was not looking down before he proceeded to descend the stairs, that he was not paying attention to his surroundings, and that he was talking on a cell phone just before he fell. Under these circumstances, "the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*McCollin v New York City Hous. Auth.*, 307 AD2d 875, 876 [2003]). Concur—Andrias, J.P., Moskowitz and Abdus-Salaam, JJ.

Saxe and Sweeny, JJ., dissent in a memorandum by Saxe, J., as follows: Plaintiff established at trial that he was injured when he fell down a stairway in defendant's building after tripping on a handrail that had come loose from the wall and was resting at the top of the steps. Despite plaintiff's admission that

he was looking straight ahead at the time of the accident and had not reached for the handrail before commencing his descent on the stairway, and evidence that plaintiff may have been talking on his cell phone at the time of the accident, the jury had more than enough evidentiary support for its finding that defendant Housing Authority was 100% liable for plaintiff's accident.

However, as the trial court correctly recognized, there was an irreconcilable inconsistency in the jury's award of damages. Once the jury determined that plaintiff sustained injuries causing substantial past pain and suffering, its failure to award any damages for medical expenses and future pain and suffering cannot be explained rationally. Either the jury did not understand the court's instructions on damages or did not follow them, making it necessary to direct a new trial on damages. Nor may we limit the new damages trial to the issues of medical expenses and future pain and suffering, since it was possible that the $5 million award was intended to include more than one category of damages.

The irrationality of the damages award does not affect the jury's liability finding. The issue of liability is not so inextricably interwoven with the issue of damages as to warrant a new trial of both issues. Nor is there anything irreconcilable about the jury's findings on negligence and proximate cause that would warrant upsetting the jury's liability determination. Where a jury's findings are rationally based on the evidence before it, a reviewing court should not set those findings aside simply because it might have found otherwise (*Rivera v 4064 Realty Co.*, 17 AD3d 201, 203 [2005], *lv denied* 5 NY3d 713 [2005]). That deferential standard of review for jury findings continues to apply even where the findings on another issue, such as the damages award in this instance, should be set aside and the issue re-tried. Here, the jury rationally concluded that although plaintiff was negligent in talking on his cell phone and not looking down as he approached the stairs, his negligence was not a proximate cause of his accident, and that the sole proximate cause of the accident was the handrail on the floor. There is no basis for this Court to set that finding aside. Moreover, the exercise of our interest of justice jurisdiction to review defendant's unpreserved challenge to the liability verdict is not warranted. The trial court's grant of a new trial solely on the issue of damages was proper.