■ DONNA S. FISK et al., Respondents, v CITY OF NEW YORK, Appellant. [905 NYS2d 156]—

Judgment, Supreme Court, New York County (Karen S. Smith, J.), entered June 11, 2008, awarding, after a jury trial, the principal sums of $500,000 for pain and suffering and $18,000 for past medical expenses to plaintiff Donna Fisk, and

$45,000 for loss of consortium to plaintiff William Fisk, and bringing up for review an order, same court and Justice, rendered on or about October 30, 2007, which, insofar as appealed from, as limited by the briefs, denied defendant's motion to set aside the verdict as to liability, unanimously reversed, on the law and the facts, without costs, the judgment vacated as to liability and the matter remanded for a new trial on that issue, and, in the event plaintiffs prevail on the issue of liability, damages as found by the jury, affirmed.

Donna Fisk was injured on City property when she fell while attempting to negotiate her way around a forklift that was blocking egress from the temporary office where she volunteered her services. She decided to climb over the forks that extended across the pathway approximately four inches above the ground even though her mobility was significantly limited by the effects of childhood polio on her right leg.

The jury returned a verdict finding the City negligent, that its negligence proximately caused Ms. Fisk's injuries and that Ms. Fisk was negligent but that her negligence was not a proximate cause of her injuries. The City interposed a motion to set aside the verdict as against the weight of the evidence, that the trial court denied (CPLR 4404 [a]).

As this Court has noted, "the question of whether a jury verdict is against the weight of the evidence . . . is essentially a discretionary and factual determination" (*Yalkut v City of New York*, 162 AD2d 185, 188 [1990]) and "great respect must be accorded to the trial court's professional judgment" informed by its observation of the witnesses (*id.*). Only where the jury's resolution of a factual issue is clearly at variance with the proffered testimony (*see Nicastro v Park*, 113 AD2d 129, 134 [1985]) does the failure to set aside the verdict and direct a new trial constitute an abuse of discretion (*id.* at 136-137).

Despite her limited mobility, Ms. Fisk attempted to negotiate an obstacle in her path. She was in no danger and confronted no exigent circumstances that required her to leave the vicinity of the trailer being used as a temporary office. Her intent was to confront someone taking photographs in an area where photography was prohibited.

Usually, "[t]he issue of whether a defendant's negligence was a proximate cause of an accident [injuries] is separate and distinct from the negligence determination. A defendant may act negligently without that negligence constituting a proximate cause of the accident [injuries]." (*Ohdan v City of New York*, 268 AD2d 86, 89 [2000], *lv denied* 95 NY2d 769 [2000], *appeal dismissed* 95 NY2d 885 [2000].) And, where it is possible to rec-

oncile the jury verdict with a fair interpretation of the evidence (*Nicastro*, 113 AD2d at 135), the verdict should be sustained (*see Rubin v Pecoraro*, 141 AD2d 525, 526 [1988]). Here, however, "the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (*Kovit v Estate of Hallums*, 261 AD2d 442, 443 [1999]; *see also McCollin v New York City Hous. Auth.*, 307 AD2d 875, 876 [2003]). The evidence affords no valid line of reasoning and permissible inferences that would lead a rational trier of fact to conclude that the negligence attributed to Ms. Fisk by the jury was not a proximate cause of the injuries she sustained (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Thus, the jury's findings are irreconcilable, and Supreme Court improvidently exercised its discretion in denying the City's CPLR 4404 (a) motion (*cf. Nicastro*, 113 AD2d at 137).

The above notwithstanding, we find that the jury's award of damages here does not deviate materially from what would be reasonable compensation. On remand, should plaintiffs prevail on the issue of liability, the award would be reduced to the extent of any finding of liability against plaintiffs. Concur—Tom, J.P., Friedman, Moskowitz, Freedman and Abdus-Salaam, JJ.