ANTHONY CHARNOTA, Appellant, v VER-TECH ELEVATOR Co., INC., Defendant, and KNOCKLOFTY MGMT., LLC, et al., Respondents. [922 NYS2d 46]—

Judgment, Supreme Court, New York County (Jane S. Solomon, J.), entered June 16, 2009, dismissing the complaint, upon a jury verdict in defendants' favor, unanimously affirmed, without costs.

Plaintiff was injured exiting a misleveled elevator. He had pressed the emergency button, which stopped the elevator and sounded an alarm, and the building superintendent had responded to the alarm. The superintendent testified that he told plaintiff that he would have him down in a minute, and instructed plaintiff to stay in the elevator car until he, the superintendent, returned to the lobby. Plaintiff testified that, after two or three minutes, the elevator began descending in a normal manner. He said he was so eager to get off the elevator that as soon as the doors started to open he stepped out, without looking down first, and "literally walked into space and fell." He denied that the superintendent had told him to stay in the car. The jury found that the superintendent was negligent but that his negligence was not a proximate cause of plaintiff's injuries.

Contrary to plaintiff's contention, this is not a case in which the issues of negligence and proximate cause are inextricably interwoven, making a split verdict on the two issues a logical impossibility (*see Fisk v City of New York*, 74 AD3d 658 [2010]; *Ohdan v City of New York*, 268 AD2d 86, 89 [2000], *lv denied* 95 NY2d 769 [2000]). Plaintiff was not endangered by the superintendent's actions (*compare McCollin v New York City Hous. Auth.*, 307 AD2d 875, 876 [2003] [finding plaintiff negligent in failing to use available flashlight in darkened cellar was "irreconcilably inconsistent" with finding his negligence was not a proximate cause of his fall]; *Toyos v City of New York*, 304 AD2d 319 [2003] [finding City negligent in constructing roadway without shoulder was inconsistent with finding negligence not

proximate cause of injuries sustained by plaintiff while changing tire in middle of road]). Nor was his act of stepping out of the elevator as the doors opened, without looking down first, foreseeable as a result of the superintendent's negligence, since he was not in any danger in the elevator, he was stuck there, by his own testimony, no longer than three minutes, and he had been instructed to stay in the elevator car until someone helped him out (see Egan v A.J. Constr. Corp., 94 NY2d 839, 841 [1999]). Even if the jury did not credit the superintendent's testimony that he told plaintiff to stay in the car, it could reasonably find that plaintiff caused his own injuries by exiting the elevator before looking down (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Consistent with the court's charge, the jury was entitled to resolve the issues as it did (see Pavlou v City of New York, 21 AD3d 74 [2005], affd 8 NY3d 961 [2007]; Weiss v City of New York, 306 AD2d 64 [2003]).

Plaintiff failed to demonstrate that the court's conduct deprived him of a fair trial. The court's rulings on admissibility of evidence and its jury charge were proper. In any event, any error was harmless. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Abdus-Salaam, JJ.