■ ERIC BERRIOS, Appellant, v 735 AVENUE OF THE AMERICAS, LLC, et al., Respondents. [959 NYS2d 477]—

Judgment, Supreme Court, Bronx County (Stanley Green, J.), entered June 10, 2011, which, after a jury trial, inter alia, awarded plaintiff $375,000 for past pain and suffering, $225,000 for future pain and suffering for three years, $225,000 for past lost earnings, and $375,000 for future lost earnings for three years, unanimously affirmed, without costs.

Plaintiff, who was injured when he fell off a scaffold in the course of his employment as a journeyman carpenter on a construction project, had an average pre-accident salary of $76,000 per year. With the exception of a brief, part-time job, he had not worked since the accident. Accordingly, the jury's award of $225,000 for past lost earnings for five years was supported by a valid line of reasoning (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Based upon the evidence presented at trial, the jury could have rationally concluded that plaintiff's injuries initially incapacitated him from employment, but that, as time progressed, he became more able to work, and calculated their award on that basis. Such an analysis does not involve improper speculation into the jury's thoughts (*compare Dessasore v New York City Hous. Auth.*, 70 AD3d 440 [1st Dept 2010]). Additionally, based on the evidence presented at trial, the award for future lost earnings is not inadequate.

The trial court did not commit reversible error in charging the jury as to plaintiff's duty to mitigate damages by reasonably seeking and pursuing vocational rehabilitation (*see Bell v Shopwell, Inc.*, 119 AD2d 715 [2d Dept 1986]). The charge given was supported by plaintiff's own physician, who testified that plaintiff was able to work in a sedentary or part-time position.

Plaintiff's hospital record was properly admitted as a business record (CPLR 4518 [a]). As plaintiff concedes, the statement at issue regarding how he landed when he fell was germane to his medical diagnosis or treatment. Its admission

was therefore proper (*see Williams v Alexander*, 309 NY 283, 287 [1955]).

In the absence of any evidence regarding the frequency and nature of the change in plaintiff's contribution to household services and that plaintiff retained, or intended to retain, anyone to replace his contribution to household services, the Court properly excluded expert testimony as to the value of such loss (*see Schultz v Harrison Radiator Div. Gen. Motors Corp.*, 90 NY2d 311 [1997]).

Finally, without the benefit of the CPLR 3101 (d) exchange at issue, this Court cannot determine whether the trial court abused its discretion in allowing defendant's economist to testify as to the use of certain factors in analyzing the claim for lost earnings.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Román and Clark, JJ.