██ DEBRA WATSON, Respondent, v JADE LUXURY TRANSPORTATION CORP. et al., Appellants, et al., Defendants. [982 NYS2d 1]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about July 8, 2013, which granted plaintiff's motion to set aside a jury verdict finding no liability on the part of defendants, and directed a new trial on the issue of liability, affirmed, without costs.

This case arises from a two-car accident in the Bronx at the intersection of Inwood Avenue and Goble Place between a livery car driven by defendant Francisco Carrero, in which plaintiff was a rear-seat passenger, and a white Honda driven by defend-

ant Derek Gonzalez. Gonzalez defaulted and has never testified, and plaintiff did not witness the accident. Carrero's testimony constituted the sole evidence relating to the circumstances of the collision.

At his pretrial deposition, Carrero testified that he was driving north on Inwood Avenue, a one-way street. Gonzalez entered the intersection on Goble Place from the west, and faced a stop sign, giving Carrero the right of way into the intersection. Carrero stated that his view of the intersection and of Gonzalez's car were unobstructed as he approached the intersection, and that he first saw the white Honda before he (Carrero) entered the intersection. At trial, however, Carrero repeatedly testified that his view of traffic entering the intersection from Goble Place on the west was obstructed by a truck parked on the south side of Goble Place and that he did not see the white Honda until after he had passed the truck. At that point, he testified that, although he tried, he was unable to avoid a collision. The jury was made aware of the inconsistencies between Carrero's deposition and trial testimony through extensive impeachment with readings from his deposition.

The jury found no negligence on the part of Gonzalez. They also found that Carrero was negligent, but his negligence was not a substantial factor in causing the accident.

We agree with the dissent that, in the usual case, " '[t]he issue of whether a defendant's negligence was a proximate cause of an accident [injuries] is separate and distinct from the negligence determination. A defendant may act negligently without that negligence constituting a proximate cause of the accident [injuries]' " (*Fisk v City of New York*, 74 AD3d 658, 659 [1st Dept 2010], quoting *Ohdan v City of New York*, 268 AD2d 86, 89 [1st Dept 2000], *lv denied* 95 NY2d 769 [2000], *appeal dismissed* 95 NY2d 885 [2000]). Moreover, "[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Rodriguez v New York City Tr. Auth.*, 67 AD3d 511, 511 [1st Dept 2009]). However, in those cases where " 'the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause,' " the verdict must be set aside (*Dessasore v New York City Hous. Auth.*, 70 AD3d 440, 441 [1st Dept 2010], quoting *McCollin v New York City Hous. Auth.*, 307 AD2d 875, 876 [1st Dept 2003]; *see Fisk v City of New York*, 74 AD3d at 660; *Lora v City of New York*, 305 AD2d 171, 172 [1st Dept 2003]).

Based on these principles, we cannot agree with the dissent's

contention that there is a rational basis for the jury's finding that the negligence attributed to Carrero was not a proximate cause of the accident.

Review of the evidence adduced at trial does not reveal a single plausible scenario by which Gonzalez could have been free from negligence and Carrero negligent, without such negligence being a substantial factor in causing the accident.

The fact that Gonzalez was not negligent practically eliminates the scenario to which Carrero testified at his deposition, namely, that Carrero had a clear view of the intersection and of the white Honda at all times, since it is difficult, if not impossible, to see how in such a scenario Carrero could have been negligent but not have caused the accident.

This leaves the scenario to which Carrero testified at trial, namely, that a truck blocked his view of the white Honda until Carrero was passing the truck, at which point it was impossible for him to avoid the collision. Since the jury found that Gonzalez was not negligent, Carrero's negligence could have taken one or more of several forms, any or all of which would lead a rational jury to the inescapable conclusion that his negligence was the proximate cause of the accident (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Thus, the jury's findings are irreconcilable, and Supreme Court providently set the verdict aside as inconsistent (*Fisk*, 74 AD3d at 660). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Feinman, JJ.

DeGrasse, J., dissents in a memorandum as follows: I dissent because it was an abuse of discretion for the trial court to have set aside the jury's verdict on the ground that it was "inconsistent." This case involves a collision in an intersection between a livery car that was operated by defendant Francisco Carrero and another car that was operated by defendant Derek Gonzalez. Carrero, the only witness at trial, testified that Gonzalez's approach into the intersection was regulated by a stop sign and Carrero's approach was not regulated by any traffic control device. Carrero also testified that Gonzalez did not stop at the stop sign. Nonetheless, the jury found that Gonzalez was not negligent. The jury also found that Carrero was negligent but that his negligence was not a proximate cause of the accident. In setting aside the verdict, the court opined that a rational jury could not have consistently determined that negligence on Carrero's part was not a proximate cause of the accident.

"As a general proposition, a finding of negligence is not inconsistent with a finding of no proximate cause" (*Pimpinella v McSwegan*, 213 AD2d 232, 233 [1st Dept 1995], citing *Palsgraf v Long Is. R.R. Co.*, 248 NY 339 [1928]). This seems to be

particularly true in cases involving motor vehicle collisions (*see e.g. McCulley v Sandwick*, 43 AD3d 624 [3d Dept 2007], *appeal dismissed* 9 NY3d 976 [2007]; *Skowronski v Mordino*, 4 AD3d 782 [4th Dept 2004]; *Inserro v Rochester Drug Coop.*, 258 AD2d 923 [4th Dept 1999]; *see also Martinez v New York City Tr. Auth.*, 41 AD3d 174 [1st Dept 2007]).

A contention that a jury verdict is inconsistent must be reviewed in the context of the trial court's charge, a matter the majority does not address (*Lundgren v McColgin*, 96 AD2d 706 [4th Dept 1983]; *see also Mars Assoc. v New York City Educ. Constr. Fund*, 126 AD2d 178, 188 [1st Dept 1987], *lv dismissed* 70 NY2d 747 [1987]). Here, there is a rational basis for the jury's finding that the negligence attributed to Carrero was not a proximate cause of the accident. The jury was charged that under the Vehicle and Traffic Law, Gonzalez, the driver of the vehicle that approached the stop sign, was obligated to stop and yield the right of way to vehicles on the dominant roadway, i.e., Carrero's. The court also charged the jury that Carrero had the right to assume that Gonzalez would comply with the applicable provisions of the Vehicle and Traffic Law. Regardless of its finding that Gonzalez was not negligent, the jury could have rationally concluded that the accident would not have occurred had he yielded the right of way as he was required and expected to do. That would be a reasonable view of the evidence sufficient to support the jury's verdict particularly because Gonzalez did not testify in person or by deposition. Where "an apparently inconsistent or illogical verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Skowronski v Mordino*, 4 AD3d at 783 [internal quotation marks omitted]). Here, the presumption has not been rebutted. As a result, although required to, the majority does not give due deference to the jury's role as fact-finder (*see DaBiere v Craig*, 284 AD2d 885 [3d Dept 2001]). Since a valid line of reasoning supports the jury's verdict and it is supported by a fair interpretation of the evidence, I would reverse the order entered below and reinstate the jury's verdict (*see Rivera v 4064 Realty Co.*, 17 AD3d 201, 203 [1st Dept 2005], *lv denied* 5 NY3d 713 [2005]).