Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered on or about July 8, 2013, which granted plaintiffs motion to set aside a jury verdict finding no liability on the part of defendants, and directed a new trial on the issue of liability, affirmed, without costs.
This case arises from a two-car accident in the Bronx at the intersection of Inwood Avenue and Goble Place between a livery car driven by defendant Francisco Carrero, in which plaintiff was a rear-seat passenger, and a white Honda driven by defend *496 ant Derek Gonzalez. Gonzalez defaulted and has never testified, and plaintiff did not witness the accident. Carrero’s testimony constituted the sole evidence relating to the circumstances of the collision.
At his pretrial deposition, Carrero testified that he was driving north on Inwood Avenue, a one-way street. Gonzalez entered the intersection on Goble Place from the west, and faced a stop sign, giving Carrero the right of way into the intersection. Carrero stated that his view of the intersection and of Gonzalez’s car were unobstructed as he approached the intersection, and that he first saw the white Honda before he (Carrero) entered the intersection. At trial, however, Carrero repeatedly testified that his view of traffic entering the intersection from Goble Place on the west was obstructed by a truck parked on the south side of Goble Place and that he did not see the white Honda until after he had passed the truck. At that point, he testified that, although he tried, he was unable to avoid a collision. The jury was made aware of the inconsistencies between Carrero’s deposition and trial testimony through extensive impeachment with readings from his deposition.
The jury found no negligence on the part of Gonzalez. They also found that Carrero was negligent, but his negligence was not a substantial factor in causing the accident.
We agree with the dissent that, in the usual case, “ ‘[t]he issue of whether a defendant’s negligence was a proximate cause of an accident [injuries] is separate and distinct from the negligence determination. A defendant may act negligently without that negligence constituting a proximate cause of the accident [injuries]’ ” (Fisk v City of New York, 74 AD3d 658, 659 [1st Dept 2010], quoting Ohdan v City of New York, 268 AD2d 86, 89 [1st Dept 2000], lv denied 95 NY2d 769 [2000], appeal dismissed 95 NY2d 885 [2000]). Moreover, “[w]here the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Rodriguez v New York City Tr. Auth., 67 AD3d 511, 511 [1st Dept 2009]). However, in those cases where “ ‘the issues of negligence and proximate cause are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause,’ ” the verdict must be set aside (Dessasore v New York City Hous. Auth., 70 AD3d 440, 441 [1st Dept 2010], quoting McCollin v New York City Hous. Auth., 307 AD2d 875, 876 [1st Dept 2003]; see Fisk v City of New York, 74 AD3d at 660; Lora v City of New York, 305 AD2d 171, 172 [1st Dept 2003]).
Based on these principles, we cannot agree with the dissent’s *497 contention that there is a rational basis for the jury’s finding that the negligence attributed to Carrero was not a proximate cause of the accident.
Review of the evidence adduced at trial does not reveal a single plausible scenario by which Gonzalez could have been free from negligence and Carrero negligent, without such negligence being a substantial factor in causing the accident.
The fact that Gonzalez was not negligent practically eliminates the scenario to which Carrero testified at his deposition, namely, that Carrero had a clear view of the intersection and of the white Honda at all times, since it is difficult, if not impossible, to see how in such a scenario Carrero could have been negligent but not have caused the accident.
This leaves the scenario to which Carrero testified at trial, namely, that a truck blocked his view of the white Honda until Carrero was passing the truck, at which point it was impossible for him to avoid the collision. Since the jury found that Gonzalez was not negligent, Carrero’s negligence could have taken one or more of several forms, any or all of which would lead a rational jury to the inescapable conclusion that his negligence was the proximate cause of the accident (see Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]). Thus, the jury’s findings are irreconcilable, and Supreme Court providently set the verdict aside as inconsistent (Fisk, 74 AD3d at 660). Concur — Mazzarelli, J.E, Sweeny, Manzanet-Daniels and Feinman, JJ.