■ MELISSA SANCHEZ et al., Appellants, v THE NEW YORK AND PRESBYTERIAN HOSPITAL et al., Respondents, et al., Defendant. [31 NYS3d 873]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered December 12, 2014, after a jury trial, to the extent appealed from, in favor of defendant Jane Elizabeth Kaufman, M.D., unanimously affirmed, without costs.

Defendant attempted to stave off plaintiff Melissa Sanchez's uncontrollable postpartum hemorrhaging by, inter alia, performing a dilation and curettage (D&C) and packing the uterus with gauze. In both these procedures, she used an "Allis clamp" to hold back the cervix and reach into the vagina; plaintiff claims that the use of the clamp injured, or frayed, her cervix. During the uterine packing, defendant pierced plaintiff's vaginal wall and bladder. She continued the packing, which lessened, but did not stop, the bleeding.

The jury's findings that defendant departed from accepted medical practice by failing to call for a urological consultation and exploratory laparotomy after she lacerated the vaginal wall and bladder during the packing process and that this departure did not cause plaintiff's injuries are not "irreconcil-

ably inconsistent" (*see McCollin v New York City Hous. Auth.*, 307 AD2d 875, 876 [1st Dept 2003]). The jury could reasonably have found that it would have been dangerous to cease packing plaintiff's uterus in an attempt to stop an emergent, possibly life-threatening bleed. It could reasonably have found that, as defendant's expert testified, the performance of an exploratory laparotomy would have been harmful to plaintiff in her already unstable condition. The jury was free to credit defendants' expert's testimony over that of plaintiff's experts (*see Torricelli v Pisacano*, 9 AD3d 291 [1st Dept 2004], *lv denied* 3 NY3d 612 [2004]).

The jury's findings that Kaufman did not deviate from accepted medical practices in using an Allis clamp during the performance of both the D&C and the packing procedure and that she did not depart from the standard of care in the performance of the packing procedure itself were not against the weight of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [1st Dept 2004]). Concur—Friedman, J.P., Renwick, Andrias, Gische and Webber, JJ.