Highbridge Dev. Br, LLC v Nisky Kilt, Inc. (2019 NY Slip Op 03720)





Highbridge Dev. Br, LLC v Nisky Kilt, Inc.


2019 NY Slip Op 03720


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

527262

[*1]HIGHBRIDGE DEVELOPMENT BR, LLC, Respondent,
v
NISKY KILT, INC., et al., Appellants.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Longstreet & Berry, LLP, Fayetteville (Michael Longstreet of counsel), for appellants.
Law Offices of John R. Seebold, PLLC, Schenectady (John R. Seebold of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order of the Supreme Court (Kramer, J.), entered December 18, 2017 in Schenectady County, which partially granted plaintiff's motion for summary judgment.
In March 2015, defendant Nisky Kilt, Inc. (hereinafter Nisky) leased commercial space from plaintiff for a 10-year term for the purpose of operating a restaurant. Defendants Hasmukhakumar Patel, Sandip Patel, Senhal Patel, Hemant Patel and Bhupen Patel (hereinafter collectively referred to as the Patels) guaranteed Nisky's obligations under the written lease agreement. Nisky made no required monthly rental payments after September 2016 and the restaurant ceased business operations in January 2017. Plaintiff changed the locks on all doors to the premises on February 17, 2017 without Nisky's knowledge or consent and did not provide Nisky with a key to the new locks or initially allow a third-party vendor to have access to remove two dishwashers from the premises. Plaintiff thereafter commenced a summary eviction proceeding against Nisky pursuant to RPAPL article 7 in the Town of Niskayuna Justice Court seeking judgment awarding possession of the premises and unpaid rent. Following a May 2017 evidentiary hearing, Justice Court issued a written decision dismissing the petition without prejudice based on its determination that it lacked subject matter jurisdiction to adjudicate the matter because Nisky had not been in possession or control of the leased premises when the summary proceeding was commenced.
In June 2017, plaintiff commenced this action against defendants seeking, as relevant here, damages in excess of $2,100,000. Defendants answered and asserted, as an affirmative defense, that issue preclusion barred plaintiff from contesting certain issues in this action that they alleged had been decided in the summary proceeding. Plaintiff subsequently moved for summary judgment, asserting that Nisky had freely vacated the premises and had not been evicted. Defendants opposed the motion. Supreme Court partially granted plaintiff's motion to the extent of dismissing the affirmative defense of issue preclusion on the basis that Justice Court [*2]had not made a "finding on the merits" but, rather, had determined only that it lacked subject matter jurisdiction. Defendants appeal.
"Collateral estoppel, or issue preclusion, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party, whether or not the tribunals or causes of action are the same. The doctrine applies if the issue in the second action [or proceeding] is identical to an issue which was raised, necessarily decided and material in the first action [or proceeding], and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action [or proceeding]. This rule applies to claims actually litigated or that could have been litigated, and despite the fact that the claims are based on a different theory or seek a different remedy" (Corvetti v Town of Lake Pleasant, 146 AD3d 1118, 1120 [2017] [internal quotation marks and citations omitted]). In accordance with the foregoing principles, "issues legitimately determined in a summary proceeding are entitled to issue preclusion effect" (Tymar Mgt. Co. v A.V. Mirizio, Inc., 185 AD2d 879, 880 [1992]; see Siegel & Connors, NY Prac § 469 at 897 [6th ed 2018]).
We find unpersuasive plaintiff's argument that the order dismissing the summary proceeding was void ab initio and, therefore, is not entitled to preclusive effect because Justice Court determined that it lacked subject matter jurisdiction. It is axiomatic that an order or judgment that purports to decide an issue that is beyond the scope of a court's jurisdiction, or power to act, is void (see Burke v Aspland, 56 AD3d 1001, 1002 [2008], lv denied 12 NY3d 709 [2009]). However, Justice Court did not exceed the scope of its authority in this case — it was empowered to decide whether it had subject matter jurisdiction (see e.g. Pinnacle Consultants v Leucadia Natl. Corp., 94 NY2d 426, 432-433 [2000]; Burrowes v Coombs, 25 AD3d 370, 372 [2006], lv denied 7 NY3d 704 [2006]). Thus, any issue that was raised and necessarily decided in the summary proceeding that was material to Justice Court's determination that it lacked subject matter jurisdiction has been settled and may not be relitigated in this action.
In the summary proceeding, Justice Court properly recognized that it would have subject matter jurisdiction only if Nisky had been in possession of the premises when the summary proceeding was commenced (see UJCA 204; RPAPL 711 [1], [2]), and it conducted an evidentiary hearing for the sole purpose of determining whether it had subject matter jurisdiction on that basis at which both parties presented evidence. Nisky contended that it had been evicted when plaintiff changed the locks without its knowledge or consent and subsequently denied access to the third-party vendor that sought to remove the dishwashers from the premises. Plaintiff asserted that it was authorized to change the locks due to the loss of the only set of keys or, alternatively, because Nisky had voluntarily vacated the premises with no intention of returning.
Justice Court first rejected plaintiff's argument that the locks had been changed due to the loss of the keys, finding that the reason that plaintiff changed the locks was to exercise control over the premises, and the court concluded that changing the locks for that purpose would constitute an actual eviction if Nisky had not already surrendered the premises. Based on these findings, Justice Court logically concluded that it had no subject matter jurisdiction because Nisky was not in possession when the summary proceeding was commenced — either Nisky had abandoned the premises or it had been actually evicted when plaintiff changed the locks. Although Justice Court did not decide whether Nisky abandoned the premises or was evicted, its finding that plaintiff was not permitted to change the locks based upon the loss of the keys and its conclusion that changing the locks while Nisky remained in possession would constitute an actual eviction were material and necessary to its determination that it had no subject matter jurisdiction, and these two issues were actually litigated by the parties [FN1]. Remaining at issue in this action then is whether Nisky abandoned the premises prior to plaintiff changing the locks; if not, then actual eviction has been established. Accordingly, we conclude that Supreme Court [*3]erred in granting partial summary judgment dismissing Nisky's affirmative defense of issue preclusion.
Plaintiff further argues that the Patels may not assert collateral estoppel as an affirmative defense because they were not parties to the summary proceeding and, further, because their guaranties were absolute and unconditional. We disagree. As guarantors of the lease, the Patels were in privity with Nisky and, therefore, they are bound by, and may rely upon, the doctrine of collateral estoppel with respect to material issues necessarily determined in the summary proceeding unless precluded from doing so by the terms of the guaranties (see e.g. Moon 170 Mercer, Inc. v Vella, 146 AD3d 537, 537-538 [2017], lv denied 29 NY3d 919 [2017]; APF 286 Mad LLC v Chittur & Assoc. P.C., 132 AD3d 610, 610 [2015], lv dismissed 27 NY3d 952 [2016]).
Garry, P.J., Egan Jr., Lynch and Devine, JJ., concur.
ORDERED that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially granted plaintiff's motion; motion denied in its entirety; and, as so modified, affirmed.



Footnotes

Footnote 1: Actual eviction may be a defense to a plaintiff's claim for unpaid rent (see Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77, 82-83 [1970]).